# North Carolina
## DEPARTMENT OF INSURANCE

Wayne Goodwin | Commissioner of Insurance

**AGENT SERVICES**

## MEMORANDUM

**TO:** All NC Licensed Collection Agencies
All Interested Parties

**FROM:** Agent Services Division

**DATE:** June 12, 2014

**Re:** "Convenience Fees" for payments to collection agencies

Many consumers are being charged fees for making payments to collection agencies using certain methods such as credit card, telephone, electronic check, and debit card. The purpose of this memo is to inform all persons, firms, corporations, or associations which are subject to licensing under Article 70, Chapter 58 of the North Carolina General Statutes, that they are prohibited from charging such fees to North Carolina consumers.

N.C. Gen. Stat. § 58-70-115(2), prohibiting unfair practices, states:

> No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following:
>
> . . .
>
> (2) *Collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered*, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

(Emphasis added). The term "consumer" is broadly defined under N.C.G.S. § 58-70-90(2) as "an individual, aggregation of individuals, corporation, company, association, or partnership that has incurred a debt or alleged debt." Violations of N.C.G.S. § 58-70-115 constitute unfair or deceptive acts or practices proscribed by Article 70 or by N.C.G.S. § 75-1.1 See N.C.G.S. § 58-70-130(c).

A "convenience fee" or other charge imposed on the consumer for making payments to a collection agency by phone, check, credit card, or any other method is essentially a fee for the collection agency's services and is thus prohibited by the first clause of N.C.G.S. § 58-70-115(2).

There may be policy arguments that "convenience fees" should be allowed if the fee is disclosed to the consumer, the consumer agrees to pay the fee, the fee is imposed for an optional payment method which the collection agency is not required to offer, the collection agency offers other payment methods that do not require a fee, and the fees do not exceed the collection agency's actual costs of providing the service. However, N.C.G.S. § 58-70-115(2) does not allow collection agencies to charge consumers such fees under any circumstances.

It has also been argued that the phrase "unless legally entitled to such fee or charge" under the second clause of N.C.G.S. § 58-70-115(2) applies to collection fees as well as "interest or other charge, fee or expense incidental to the principal debt" and that a collection agency would thus be legally entitled to recover fees for its services from the debtor if the contract creating the debt contains a provision which expressly authorizes the collection agency to recover such fees. However, in the attached October 26, 2010 advisory letter to the Agent Services Division, the North Carolina Attorney General's office advised Agent Services Division that the phrase "unless legally entitled to such fee or charge" only applies to the immediately preceding phrase which states "collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt." Moreover, the Attorney General's office further advised that assuming *arguendo* that the phrase "unless legally entitled to such fee or charge" applies to collection fees, such fees are still prohibited unless expressly authorized by statute. The Attorney General's office noted that: (1) North Carolina courts have long held that collection fee recovery provisions are void and unenforceable absent express statutory authorization and (2) the only statute which authorizes recovery of collection fees is N.C.G.S. § 6-21.2, which authorizes collection agencies to collect or attempt to collect reasonable attorney fees from debtors pursuant to a note or other indebtedness.

Agent Services Division requests that all collection agencies subject to licensure under Article 70 of Chapter 58 ensure that that they do not demand, collect, or attempt to collect a "convenience fee" or other prohibited fees from North Carolina consumers and that they otherwise comply with all applicable statutes and regulations. The Agent Services Division may take administrative action against licensed collections agencies which violate or refuse to comply with any provision of Article 70 of Chapter 58.

Please contact Agent Services Division at (919) 807-6800 if you have any questions.

cc: Anne Goco Kirby, Insurance Section, North Carolina Attorney General's Office
Dan Johnson, Insurance Section, North Carolina Attorney General's Office
David Boone, Insurance Section, North Carolina Attorney General's Office
Kevin Anderson, Consumer Protection Division, North Carolina Attorney General's Office
Lynne Weaver, Consumer Protection Division, North Carolina Attorney General's Office



## State of North Carolina

Department of Justice
PO Box 629
Raleigh, North Carolina
27602

ROY COOPER
ATTORNEY GENERAL

Reply to: ANNE G. KIRBY
INSURANCE SECTION
(919) 716-6610
FAX: (919) 716-6757

October 26, 2010

Etta P. Maynard
Deputy Commissioner, Agent Services Division
North Carolina Department of Insurance
1201 Mail Service Center
Raleigh, NC 27699-1201

Dear Ms. Maynard:

I am writing this letter in response to Agent Services' request for an opinion as to whether a collection agency can recover any of its fees for services from a debtor if the agreement creating the debt contains a provision which authorizes the recovery of such fees. N.C. Gen. Stat. § 58-70-115 prohibits collection agencies from collecting or attempting to collect any debt by use of any unfair practices. N.C.G.S. § 58-70-115 provides, in pertinent part, that:

> No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following:
> ... *Collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered*, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

N.C.G.S. § 58-70-115(2)[1] (Emphasis added).

---

[1] N.C.G.S. § 75-55, which prohibits debt collectors from collecting or attempting to collect any debt by use of "any unconscionable means," contains a nearly identical provision which prohibits debt collectors from "Collecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge." See N.C.G.S. § 75-55(2). N.C.G.S. § 75-50(3) defines "debt collector" as "any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes."

Etta P. Maynard
October 26, 2010
Page 2

"It is well settled that the meaning of any legislative enactment is controlled by the intent of the legislature and that legislative purpose is to be first ascertained from the plain language of the statute." State v. Bates, 348 N.C. 29, 34, 497 S.E.2d 276, 279 (1998). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." Burgess v. Your House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). The plain language of N.C.G.S. § 58-70-115(2) prohibits collection agencies from "collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered." Thus, it is my informal opinion that N.C.G.S. § 58-70-115(2) prohibits collection agencies from collecting or attempting to collect their fees for services rendered from consumers even if the contract creating the debt contains a provision authorizing the collection or recovery of such fees.

It has been argued that the phrase "unless legally entitled to such fee or charge" applies to collection fees as well as incidental interest and charges and that a collection agency may thus recover its collection fees from the debtor if the contract creating the debt contains a provision which authorizes it to recover such fees.[2] However, under the doctrine of the last antecedent, "relative and qualifying words, phrases, and clauses ordinarily are to be applied to the word or phrase immediately preceding and, unless the context indicates a contrary intent, are not to be construed as extending to or including others more remote." HCA Crossroads Residential Ctrs. v. North Carolina Dep't of Human Resources, et. al, 327 N.C. 573, 578, 398 S.E.2d 466, 469 (1990). Since the context of N.C.G.S. § 58-70-115(2) does not indicate any contrary intent, the phrase "unless legally entitled to such fee or charge" applies only to the immediately preceding phrase.[3]

Assuming *arguendo* that the phrase "unless legally entitled to such fee or charge" applies to collection fees, my opinion would not change because collection fee recovery provisions are void and unenforceable absent express statutory authorization. Our courts have long held that

---

[2] The federal Fair Debt Collection Practices Act also prohibits debt collectors from collecting or attempting to collect any debt through unfair or unconscionable means and provides that such means include the recovery of collection fees "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." See 15 USC § 1692f(1). Although the federal Act is less restrictive in this regard, it does not override North Carolina's prohibition against collection fees. See 15 USC § 1692n (providing that federal Act does not override state debt collection laws which provide any consumer greater protection). There are some instances in which federal law does allow collection fees for federally-related debts, such as in the collection of guaranteed student loans, and explicitly preempts state law in those instances.

[3] The immediately preceding phrase allows collection agencies to collect amounts incidental to the principal debt such as interest, contractual late fees, and statutory returned check fees.

Etta P. Maynard
October 26, 2010
Page 3

contractual provisions requiring a debtor to pay collection fees incurred for collection upon default of payment are contrary to public policy and void.[4] See, e.g., Tinsley v. Hoskins, 111 N.C. 340, 16 S.E. 325 (1892).

Earlier court decisions addressed the enforceability of collection fee recovery provisions incorporated in promissory notes or security instruments. In Tinsley, the Court held that a stipulation in a promissory note awarding the promissee "the usual collection fee" in the event of collection of the note by legal process was void and unenforceable. Id. at 342, 16 S.E. at 325. The Tinsley Court adopted the rationale of other courts which have struck such provisions on grounds that they are "'a stipulation for a penalty or forfeiture, tends to the oppression of the debtor and to encourage litigation, is a cover for usury, is without any valid consideration to support it, contrary to public policy and void.'" Id. (Citation omitted). This rationale was subsequently applied in Brisco v. Norris, 112 N.C. 671, 16 S.E. 850 (1893)(promissory note); Williams v. Rich, 117 N.C. 235, 23 S.E. 257 (1895) (deed of trust); Turner v. Boger, 126 N.C. 300, 35 S.E. 92 (1900) (deed of trust); Finance Co. v. Hendry, 189 N.C. 549, 127 S.E. 629 (1925)(promissory note); and Howell v. Roberson, 197 N.C. 572, 150 S.E. 32 (1929)(promissory note).

More recent cases indicate that collection fee recovery provisions are unenforceable in any type of instrument absent clear and express statutory authorization. See, e.g., Credit Corp. v. Wilson, 12 N.C. App. 481, 483, 183 S.E. 2d 859, 860 (1971), aff'd 281 N.C. 140, 187 S.E.2d 752 (1972)(guaranty of payment on promissory note)(stating that "sound public policy continues to bar the enforcement of such provisions unless the same are clearly and expressly authorized by statute."). The only collection fee recovery provisions specifically authorized by statute are provisions authorizing recovery of reasonable attorneys fees found in any "note or other evidence of indebtedness." See N.C.G.S. § 6-21.2.[5]

In conclusion, it is my informal opinion that N.C.G.S. § 58-70-115(2) prohibits collection agencies from collecting or attempting to collect from debtors their fees for services rendered, even if the contract creating the debt contains a provision authorizing the recovery of such fees. However, collection agencies may collect or attempt to collect reasonable attorneys fees from debtors pursuant to a provision in a note or other evidence of indebtedness to the extent authorized by N.C.G.S. § 6-21.2.

---

[4] Although these decisions involved challenges to the imposition of attorneys fees, the rationale applies equally to the imposition of any other collection fees. See 17A Am Jur 2d Contracts § 402 (stating that "As a general rule, a provision or stipulation in a note or other contract for the payment of money to pay the costs of collection includes reasonable attorney's fees in case suit is instituted).

[5] Reasonable attorney's fees under N.C.G.S. § 6-21.2.(2) are construed to mean no more than 15% of the outstanding balance owing on the note or on other evidence of indebtedness.

Etta P. Maynard
October 26, 2010
Page 4

Since this letter has not been reviewed or approved in accordance with procedures for issuing an Attorney General's advisory opinion, it is only an advisory letter.

Very truly yours,

*Anne Goco Kirby*

Anne Goco Kirby
Assistant Attorney General

cc: Stewart Johnson,
   General Counsel