**JOHN W. SUTHERS**
Attorney General

**CYNTHIA H. COFFMAN**
Chief Deputy Attorney General

**DANIEL D. DOMENICO**
Solicitor General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY GENERAL

**STATE SERVICES BUILDING**
1525 Sherman Street - 7th Floor
Denver, Colorado  80203
Phone (303) 866-4500
Fax (303) 866-5474

December 27, 2006

## Advisory Opinion - Administrator, Colorado Collection Agency Board

### Payment "Convenience Fees"

Some collection agencies are charging fees when consumers make payments by credit card, telephone, or electronic check, check-by-phone or debit card.  The purpose of this advisory opinion is to inform collection agencies subject to the Colorado Fair Debt Collection Practices Act (CFDCPA) that such payment "convenience fees" are permitted only in limited circumstances.

CFDCPA section 12-14-108(1)(a), prohibiting unfair practices, states:

> (1) A debt collector or collection agency shall not use unfair or unconscionable means to collect or attempt to collect any debt, including, but not limited to, the following conduct:

> (a) The collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law;....

A payment convenience fee is a fee incidental to the principal obligation.  Consequently, a collection agency may not demand, collect, or attempt to collect a payment convenience fee for any particular payment method unless the underlying agreement creating the debt expressly provides for such fees, or if they are expressly permitted by law.  A creditor's contract or agreement with the consumer for a payment convenience fee must be specific and clear enough to notify the consumer of the fee.[1]

There does not appear to be any Colorado law that expressly permits the addition of payment convenience fees.  In fact, other Colorado laws prohibit the payment of such fees.  For

---

[1] Note that Rule 2.03 of the Rules of the Administrator prohibits a licensee from suggesting that its clients add collection costs to existing debts, and that if a licensee recovers collection costs, it may only retain those costs as its fee unless it has another written arrangement with its clients.  The Rules of the Administrator, Colorado Collection Agency Board, are available at http://www.ago.state.co.us/CADC/PDF/cabrules.pdf.

**EXHIBIT 6**

Page 2

example, merchants may not impose surcharges for accepting payment by credit card pursuant to section 5-2-212(1), C.R.S. In addition, payment convenience fees are not included in the list of permitted additional charges for consumer credit transactions in section 5-2-202, C.R.S.[2]

There may be policy arguments that payment convenience fees should be allowed if they are voluntary, do not exceed the collection agency's actual costs, benefit the consumer, and if the collection agency allows other payment methods that do not involve a fee. Payment convenience fees can also be subject to abuse, such as if a collection agency demands immediate payment by a single payment method that includes a fee. However, section 12-14-108(1)(a), C.R.S. does not permit such fees based on the voluntariness of the fee or the availability of other payment options. Rather, the payment method fee must be expressly included in the agreement created the debt or expressly permitted by law.

Collection agencies are reminded that if the underlying agreement creating the debt expressly authorizes a payment method fee and the consumer's authorization to pay the debt is obtained by telephone, the agency must also comply with Administrator's Rule 2.14, Payment Authorization by Telephone. That rule requires licensed collection agencies to obtain either advance written authorization for the payment, record or tape the verbal authorization if permitted by law, or transfer the call to a manager or second collector to verify the verbal payment authorization. In addition, it is advisable to remind the consumer at that time that the underlying agreement authorized a payment method fee and the amount that will be charged.

The Administrator's authority to issue advisory opinions derives from sections 12-14-103(1), 12-14-113(5), 12-14-117(1), and 24-1-113(4)(a), C.R.S.


_/s/ Laura E. Udis_
LAURA E. UDIS
Administrator
Collection Agency Board
(303) 866-5706
(303) 866-5474 (FAX)

---

[2] For consumer credit and lending transactions, see "Fees for Electronic Debits and Payments, Dec. 2, 2002, Advisory Opinion of the Administrator of the Uniform Consumer Credit Code, available at http://www.ago.state.co.us/UCCC/AdminOpin.cfm