IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHRYN M. FORREST, LARRY ROCKWELL II, THOMAS LAMOUREUX, and SUSANA BONADONA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,<br><br>Defendant. | Case No. 1:20-cv-00323-WES-LDA<br><br>Judge: Hon. William E. Smith<br><br>Magistrate Judge: Hon. Lincoln D. Almond |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO STAY CLASS RELATED PROCEEDINGS</u>**

NOW COME Plaintiffs Kathryn M. Forrest, Larry Rockwell II, Thomas Lamoureux, and Susana Bonadona (collectively, "Plaintiffs"), by and through counsel, and for their *Memorandum in Opposition to PHH Mortgage Corporation's Motion to Stay Class Related Proceedings*, state as follows:

**I.     INTRODUCTION.**

On September 9, 2020, Defendant PHH Mortgage Corporation ("Defendant" or "PHH") filed its *Motion to Stay Class Related Proceedings* ("Motion"). *See*, Dkt. # 24. In the Motion, PHH asks the Court stay class related proceedings (*e.g.*, class discovery and class certification) in light of an anticipated classwide settlement in *Morris v. PHH Mortgage Corporation*, Case No. 20-60633-CIV-SMITH (S.D. Fla.) because the putative classes in this case and *Morris* are essentially identical, and therefore, a classwide settlement in *Morris* will resolve the claims of the putative class members in this case.

However, as discussed below, the prospect of such a settlement in *Morris* is dubious at best, and does not warrant staying class related proceedings in this matter. For similar reasons, the interests of the parties, absent members of the putative class, and judicial economy weigh against a stay of class related proceedings. Therefore, the Court should deny the Motion.

## II.   LEGAL STANDARD.

"[A] court has the power to stay proceedings "incidental to [its]…to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Driver v. Helms*, 402 F.Supp. 683, 685 (D.R.I. 1975) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Such a stay should be granted, however, "only in rare circumstances", and the burden is on the movant "[to] make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Driver*, 402 F.Supp at 895 (citing *Landis*, 299 U.S. at 255); *see also*, *Ellsberg v. Mitchell*, 353 F.Supp. 515, 517-18 (D.D.C. 1973).

Seeking to avoid this high burden, PHH argues in favor of a different standard in the Motion. In short, PHH contends that the standard applicable to the Motion is the less exacting standard employed when "deciding whether to issue a stay pending the JPML's [Judicial Panel on Multidistrict Litigation] ruling on a motion to transfer." *See*, Motion, p. 5 (citing *Am. Sales Co., LLC v. Warner Chilcott Pub. Co.*, 2013 WL 4016925, at *1 (D.R.I. Aug. 6, 2013)). Under that standard, "courts consider the following factors: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy.'" *Am. Sales Co.*, 2013 WL 4016925 at *1 (quoiting *Good v. Altria Grp., Inc.*, 624 F.Supp.2d 132, 134 (D. Me. 2009)).

Here, however, there is no motion to transfer currently pending before the JPML, and therefore, the underlying purpose of the JPML and its enabling statute (28 U.S.C. § 1407) are

2

inapplicable here. *See*, *Am. Sales Co.*, 2013 WL 4016925 at *1. Accordingly, while the aforementioned factors may be relevant to the Court's consideration of the Motion, they do not supplant the higher burden ordinarily applicable to a motion to stay proceedings. *See, e.g.*, *Driver*, 402 F.Supp at 895.

Moreover, as explained below, the stay requested in the Motion would only limit the *scope* of discovery in this matter and would be best addressed within the context of Fed. R. Civ. P. 26(b)(1)-(2). While not technically a standard of review, the fact that federal courts have construed parties' discovery obligations liberally should be taken into account in conjunction with this Court's consideration of the Motion. *E.g.*, *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 332 (D.R.I. 1976) ("In general, the discovery rules have been liberally construed by the courts.").

**III. ARGUMENT.**

As set forth below, Defendant has failed to meet its burden of making a "clear case of hardship or inequity in being required to" proceed with this matter. *Driver*, 402 F.Supp. at 685. Nor does this case present the type of "rare circumstances" justifying Defendant's requested stay. *Id*. Therefore, the Court should deny the Motion.

**A. The Limited Stay Requested in the Motion Does Not Promote Judicial Economy or Avoid Any Hardship to Defendant, and Would Prejudice Plaintiffs.**

In the Motion, Defendant does not request that this matter be stayed in its entirety, and only seeks to stay class related discovery and any deadlines related to the filing of a motion for class certification. Defendant's request is unusual for several reasons, all of which undermine the purported justifications for the Motion.

First, since Defendant does not seek to stay this matter in its entirety, it will be proceeding forward one way or another, regardless of how the Court rules on the Motion. Therefore, the requested stay would *not* promote judicial economy.

Second, while Defendant requests to stay any deadlines related to class certification, no such deadlines have been set. Even to the extent that Defendant seeks to stay the filing of a motion for class certification in the *future*, the filing of such a motion is well beyond the timeframe contemplated in the Motion, as a resolution (or lack thereof) in the *Morris* action will likely come well before class-related discovery in this case is completed[1]—and therefore, before any motion for class certification is filed in this case. As such, for all practical purposes, the Motion simply seeks to limit the *scope* of discovery in this case—which will be proceeding forward regardless of whether the Motion is granted—to prevent Plaintiffs from seeking discovery relative to putative class members.

Third, because the Motion only seeks to limit the scope of discovery—which has yet to even begin—it is entirely premature, unripe, and procedurally improper. In essence, the Motion attempts to circumvent the ordinary discovery dispute process by requesting a blanket limitation on discovery before discovery has even commenced. Such a limitation on discovery would violate the well-settled proposition that "the scope of discovery allowed under the…Federal Rules of Civil Procedure [is] very broad" (*E.g.*, *Donovan v. Prestamos Presto Puerto Rico, Inc.*, 91 F.R.D. 222, 223 (D.P.R. 1981); *Grinnell*, 70 F.R.D. at 332), and would prevent Plaintiffs from obtaining pre-certification class discovery to which they are entitled (*E.g.*, *Oppenheimer*, 437 U.S. at 351, n. 13; *China Agritech*, 138 S. Ct. at 1807; *Manning*, 725 F.3d at 60; *O'Leary*, 176 F.Supp.3d at 13). Therefore, the prejudice to Plaintiffs is clear, and is certain to occur.

---

[1] Indeed, it is well-settled that Plaintiffs will require class-related before seeking to certify the putative class. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978) ("Discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23."); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018) (noting that Rule 23 was amended in 2003 "to allow greater leeway, more time for class discovery"); *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 60 (1st Cir. 2013) (recognizing the need for pre-certification class discovery); *O'Leary v. New Hampshire Boring, Inc.*, 176 F.Supp.3d 4, 13 (D. Mass. 2016) (same).

In contrast, the burdens imposed on Defendant are entirely speculative. For example, since several other similar individual and class action lawsuits against Defendant are currently pending, class discovery in this case would most likely be duplicative of the discovery sought in these other cases.[2]  Thus, class discovery in this case would not impose any additional burdens upon Defendant.  In fact, this is one reason why the court in *Torliatt v. Ocwen Loan Servicing, LLC*, Case No. 3:19-cv-04303 (N.D. Cal.), recently *denied* a substantially similar motion to stay filed by PHH.  *See*, October 2, 2020 order in *Torliatt* ("*Torliatt* Order"), Section III, attached hereto as Exhibit 1 ("PHH's arguments of prejudice also are undermined by its concession in reply that it 'assembled and completed its QC' of class data, [and is] simply arguing that it should not also be required to produce it or continue litigating this case.") (internal alterations omitted).

Even if responding to class discovery specific to this case would pose an additional hardship on Defendant, any such hardship would be relatively minor.  As noted above, Defendant does not seek to stay this matter in its entirety, and therefore will still be required to litigate this matter, including responding to discovery with respect to Plaintiffs' individual claims.  Accordingly, the requested stay would, at most, only affect a small portion of upcoming work to be performed in connection with this case—*i.e.*, class discovery—and would therefore not provide much, if any, appreciable benefit to Defendant.

---

[2] *See, e.g.*, *Bardak et al. v. Ocwen Loan Servicing, LLC*, Case No. 8:19-cv-01111 (M.D. Fla.) (putative class action amended on July 5, 2019 to assert convenience fee claims by Plaintiffs' counsel and recently dismissed on Aug. 13, 2020); *Torliatt v. Ocwen Loan Servicing, LLC*, Case No. 3:19-cv-04303 (N.D. Cal.) (putative class action filed on July 26, 2019 and consolidated with *Torliatt v. PHH Mortgage Corp.*, Case No. 3:19-cv-04356, on Sept. 11, 2019); *Morris et al. v. PHH Mortgage Corp. et al.*, Case No. 0:20-cv-60633 (S.D. Fla.) (putative class action filed March 25, 2020 with motion for preliminary settlement approval pending); *Samuel v. PHH Mortgage Corp. et al.*, Case No. 2:20-cv-07206 (C.D. Cal.) (putative class action filed June 22, 2020); *Williams et al. v. PHH Mortgage Corp. et al.*, Case No. 1:20-cv-09075 (D.N.J.) (putative class action filed July 17, 2020 by Torliatt's counsel); *see also, e.g.*, *Glover v. Ocwen Loan Servicing, LLC*, Case No. 9:20-cv-80053 (S.D. Fla.) (individual case filed Dec. 12, 2019); *Webster v. Ocwen Loan Servicing, LLC*, Case No. 0:20-cv-60117 (S.D. Fla.) (individual case filed Dec. 12, 2019); *Fusco v. Ocwen Loan Servicing, LLC*, Case No. 9:20-cv-80090 (S.D. Fla.) (individual case filed Dec. 16, 2019).

For these reasons, addressing any objections related to the scope of discovery *after* discovery actually commences—pursuant to Fed. R. Civ. P. 26(b)(1)-(2)—would be a far superior way to address Defendant's concerns about additional burdens that proceeding with class discovery might pose, because, once specific discovery requests are propounded, the Court would be presented with the specific burdens imposed upon Defendant that it seeks to avoid, instead of the vague assertions of burdensomeness set forth in the Motion. *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) ("When a party resists the production of evidence, it…'must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome, or oppressive.'") (quoting *Sánchez–Medina v. UNICCO Service, Co.*, 265 F.R.D. 24, 27 (D.P.R. 2009)). If and when Plaintiffs seek such discovery, the Court can address any specific burdensomeness issues related to class discovery—within the proper context—instead of simply precluding class discovery from the outset.

In sum, the stay requested by Defendant would have little practical benefit to Defendant and the Court, as this matter will be proceeding forward regardless of whether the Motion is granted. The only *potential* benefit to Defendant would be to limit its discovery obligations relative to classwide discovery, but this, in itself, is simply not a reason to grant the Motion. Indeed, that purported benefit is entirely speculative, and may not even come to fruition, whereas the prejudice to Plaintiffs is clear and certain to occur. Therefore, the Court should deny the Motion.

### B. The Stay Requested in the Motion Is Unwarranted Under the Circumstances.

While it may be true that other federal courts have granted stays pending approval of class action settlements in overlapping or duplicative litigation, such is the case only where the prospect of a preclusive class wide settlement was almost (if not entirely) certain. Indeed, unlike in nearly every case PHH cites wherein a court found it appropriate to issue a stay, PHH has not moved to

6

consolidate any of the related matters before the JPML nor has the *Morris* court *granted* preliminary approval of the proposed *Morris* settlement that serves as the basis for the Motion.[3]

For example, in almost all of the cases upon which PHH relies, a court had already issued a preliminary (or final) approval of a proposed class settlement. *Albert v. Blue Diamond Growers*, 232 F.Supp.3d 509, 511 (S.D.N.Y. 2017) (approving a stay *after* a court granted preliminary approval of the settlement in a parallel action); *Pearson v. Wells Fargo, N.A.*, 2014 U.S. Dist. LEXIS 74956, at *4-6 (W.D. Wash. June 2, 2014) (same); *Perryman v. Litton Loan Servicing, LP*, 81 F. Supp. 3d 893, 900-01 (N.D. Cal. 2015) (approving a stay *after* a court in a parallel action granted preliminary approval of a settlement enjoining all class members who do not exclude themselves from the settlement class from participating in any lawsuit in any jurisdiction regarding the released claims); *Chartener v. Provident Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 19500 (E.D. Pa. Oct. 21, 2003) (approving a stay *after* a settlement agreement in a parallel matter received final approval which was on appeal at the time the stay was sought, but if affirmed, would preclude the stayed action). Similarly, although the proposed class settlements in several other cases had yet to be approved, they involved pending or decided motions to transfer before the JMPL, making a universal settlement exceedingly likely. *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 62045, at *17 (D.N.J. May 3, 2012) (approving a stay *after* all related cases were transferred by the JPML and a proposed settlement was reached in the conglomerated action); *Packer v. Power Balance, LLC*, 2011 U.S. Dist. LEXIS 29767 (D.N.J. Mar. 22, 2011) (approving a stay *after* a proposed settlement agreement had been reached in a parallel matter before District

---

[3] In *Morris*, PHH has so far only *moved* for preliminary approval of the class action settlement and class certification. *See*, *Morris*, Dkt. # 46 (Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class filed on August 25, 2020).

Court Judge Cormac J. Carney and *after* Defendants had moved before the JPML to consolidate all parallel matters into the action before Judge Carney).

Simply put, the cases upon which PHH relies involved scenarios where there was little doubt that a proposed settlement would come to fruition, such that proceeding with parallel litigation would serve no purpose.[4] Here, in contrast, despite PHH's references to the "*Morris* settlement class" there is no class that has been certified in *Morris*, and the prospect of even preliminary approval of the *Morris* settlement is dubious at best, as explained in Section III-C, *infra*. Again, these reasons were specifically cited by the court in *Torliatt* when it denied a substantially similar motion to stay filed by PHH in that case. *See*, *Torliatt* Order, Section III ("The settlement in *Morris* has not yet been preliminarily approved; Torliatt [the plaintiff] has filed multiple motions in the *Morris* action to challenge the potential settlement and to stay the *Morris* action. At this point, a stay would be premature. Should Torliatt's motions in the *Morris* action be denied and the settlement approved, PHH may file another motion to stay at that point.").

Since the putative class action settlement in *Morris* is unlikely to be approved, this case is essentially at the same stage of litigation, as the operative complaints in both cases were filed on the same day, July 24, 2020. *See*, Dkt. # 1; *Morris*, Dkt. # 11. There has been no class certified in either action (nor will a class be certified any time soon, as explained below), and it does not appear that discovery has commenced in either case. In fact, this matter is slightly further in litigation than *Morris*, as the *Morris* matter was voluntarily stayed by the parties (*See*, *Morris*, Dkt. # 29), whereas

---

[4] In addition to the cases discussed above, Defendant cites to *Heien v. Archstone*, 837 F.3d 97, 99 (1st Cir. 2016) and *In re Aetna UCR Litig.*, 2013 WL 1622160, at *1 (D.N.J. Apr. 15, 2013). However, neither of these cases are applicable here, as the stay in *Heien* was granted "pending waiver or resolution of all appeals of the judgment entered in" a prior action that was "precisely on point"—and not due to a pending settlement in the other case (*Heien*, 837 F.3d at 99)—and the stay in *Aetna* was an "informal stay" requested by *both parties* to facilitate settlement *in that case* (*Aetna*, 2013 WL 1622160 at *1).

PHH's motion to dismiss in this case will be fully briefed by October 16, 2020 (*See*, Dkt. # 31). Within this context, the limited stay requested by Defendant is simply unwarranted here.

      **C.**      **The Requested Stay Would Prejudice Absent Class Members.**

To date, at least nine (9) individuals have moved to intervene in the *Morris* matter seeking to object to the proposed *Morris* settlement due to the suspicious, inadequate, and unjust nature of the proposed class settlement. *See*, *inter alia*, *Morris*, Dkt. # 13 (Motion to Intervene on behalf of Lisa Bardak, Lawrence Torliatt, Ursula Williams, Barbara Poff, Melbourne Poff); *Morris*, Dkt. # 56 (Motion to Intervene on behalf of Matthew Thompson) (claiming, *inter alia*, the proposed settlement agreement and notice are each inadequate to protect class members' interests as neither has specificity to enable class members to reasonably determine the recovery to which they are entitled); *Morris*, Dkt. # 57 (Motion to Intervene on behalf of Stephanie Hendricks, Anita Barrow, Tammie Woolbright) (claiming, *inter alia*, intervention is appropriate as the proposed settlement inadequately protects the rights of class members as Texas law would enjoin PHH from collecting future convenience fees as opposed to the settlement which would *permit* PHH to continue collecting these fees.). These individuals include the plaintiff in *Torliatt*. *See*, *Torliatt* Order, Section III; *Morris*, Dkt. # 13.

These putative *Morris* class members' objections are based on the fact that the *Morris* settlement permits class members to recover just 28% of the amount of the convenience fees paid to and *retained* by PHH from March 25, 2019 through August 21, 2020, but does not specify precisely what that amount is, and, in any event, would only account for a fraction of what those putative class members paid in convenience fees. *See*, *Morris*, Dkt. # 24-1 at p. 29. Further, the *Morris* settlement expressly *permits* PHH to impose convenience fees against the putative class members' loans with impunity moving forward, despite the fact that this case, *Morris*, and other similar cases specifically challenge these fees as unjust and unlawful in their entirety. *See*, *Morris*,

9

Dkt. # 24-1 at p. 30-31.  Oddly, this "reverse injunction" is classified as "non-monetary relief" *from* PHH *to* the putative *Morris* class members, even though those class members will still be required to pay unlawful fees, albeit at a slightly reduced rate—*e.g.*, the fees will be reduced by $1.00 until August 25, 2023.  *See*, *Morris*, Dkt. # 24-1 at pp. 30-31.  In other words, under the *Morris* settlement, PHH stands to recover far more than it is giving up, and is somehow claiming that aspect is a *benefit to the consumer class members*.

Moreover, the legal basis for this devious aspect of the *Morris* settlement is tenuous at best. Specifically, in order to have these future convenience fees be appropriate, the *Morris* settlement *retroactively inserts* additional provisions into the agreed upon notes and mortgages of the putative class members and requires them to execute any documents necessary to effectuate the same. *See*, *Morris*, Dkt. 24-1 at pp. 33-34.  As such, the *Morris* settlement is unlikely to pass muster and be approved.[5]

The potential settlement in *Morris* is further complicated by the recent decision in *Johnson v. NPAS Sols., LLC*, 2020 WL 5553312 (11th Cir. 2020), which found that "service" or "incentive" awards that compensate a class representative for his time and rewards him for bringing a lawsuit are prohibited.  Yet, the *Morris* settlement authorizes multiple service awards, each in the amount of $5,000.00.  *See*, *Morris*, Dkt. 24-1 at p. 12. This issue will also likely doom the *Morris* settlement, and defeat preliminary approval.

These serious deficiencies in the putative *Morris* settlement are important for two reasons. First, as noted above (and by the *Torliatt* court), it renders the need to stay class-related proceedings in this matter premature.  *See*, Section II-B, *supra*; *Torliatt* Order, Section III.  Second,

---

[5] For these reasons, the only case PHH that cites wherein a stay was issued prior to a court issuing preliminary approval of a class settlement in a related proceeding is distinguishable. In *Ali*, the proposed settlement entitled class members to "a class settlement payment or credit *and significant equitable relief*." *Ali v. Wells Fargo Bank, N.A.*, 2014 WL 819385, at *1 (W.D. Okla. Mar. 3, 2014) (emphasis added).  Such is not the case here.

although the unfairness of the *Morris* settlement and the inadequacy of the *Morris* plaintiffs are ultimately for the *Morris* court to decide, those considerations are also relevant here because, unless and until the *Morris* settlement is (at the very least) granted preliminary approval, this Court has an equal duty to protect the interests of absent members of the putative class. *See, e.g.*, *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005); *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 263 (D. Mass. 2005).

Within the context of this case, protecting the interests of absent class members means affording Plaintiffs an equal opportunity to represent the putative class. If the Motion is granted, however, it will impair Plaintiffs' ability—as representatives of the putative class—to litigate this action on behalf of absent class members in favor of allowing the putative class representatives in *Morris* to do so. In effect, if the Court grants the Motion, it would endow the *Morris* plaintiffs with the uncontested ability to "sell out" the putative class—as they are seeking to do—and Plaintiffs in this case would never even be given the opportunity to pursue a more favorable classwide settlement (or judgment). While it is possible that the *Morris* plaintiffs could negotiate better terms, this possibility is significantly less likely if the *Morris* plaintiffs are granted a virtual monopoly relative to representing the putative class.

In sum, because a class has yet to be certified in *Morris*, this Court should refuse to anoint the *Morris* plaintiffs as *de facto* class representatives, especially in light of the fact that the unfairness of the *Morris* settlement raises serious questions as to the adequacy of the *Morris* plaintiffs as class representatives. As the *Torliatt* court concluded, "at this point, a stay would be premature," and should not be considered unless and until "the [*Morris*] settlement [is] approved." *See*, *Torliatt* Order, Section III. As such, the Court should deny the Motion.

IV.   **CONCLUSION.**

For the reasons set forth herein, the Motion should be denied.

Respectfully submitted,

/s/ Thomas A. Zimmerman, Jr,
Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
tom@attorneyzim.com
Matthew C. De Re
(*pro hac vice* anticipated)
matt@attorneyzim.com
Sharon Harris
(*pro hac vice* anticipated)
sharon@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180

Marc E. Dann
(admitted *pro hac vice*)
mdann@dannlaw.com
notices@dannlaw.com
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536

John B. Ennis
Jbelaw75@gmail.com
1200 Reservoir Avenue
Cranston, RI 02920
Telephone: (401) 943-9230
Facsimile: (401) 679-0035

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Plaintiffs' Memorandum in Opposition to Defendant's Motion to Stay Class Related Proceedings*, to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on this day, Wednesday, October 14, 2020.

/s/ Thomas A. Zimmerman, Jr,