IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **KATHRYN M. FORREST, LARRY ROCKWELL II, THOMAS LAMOUREUX,** and **SUSANA BONADONA,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,** and **ACI WORLDWIDE CORP.,**<br><br>Defendants. | Case No. 1:20-cv-00323-WES-LDA<br><br>Judge: Hon. William E. Smith<br><br>Magistrate Judge: Hon. Lincoln D. Almond |

**PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. RULE 23(g)
FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

NOW COME Plaintiffs Kathryn M. Forrest, Larry Rockwell II, Thomas Lamoureux, and Susana Bonadona (collectively, "Plaintiffs"), by and through counsel, and for their *Motion Pursuant to Fed. R. Civ. P. Rule 23(g) for Appointment of Interim Class Counsel*, state as follows:

**I.   INTRODUCTION.**

On July 24, 2020, Plaintiffs filed their Class Action Complaint for Damages ("Complaint") against Defendant PHH Mortgage Corporation ("PHH" or "Defendant").[1] *See generally*, Complaint, Dkt. 1. As set forth in the Complaint, PHH is a mortgage loan servicer that regularly collects mortgage loan payments from Plaintiffs and members of the putative Class and Rhode Island Subclass. *See, e.g.*, Complaint, ¶ 19. PHH partners with ACI and utilizes ACI's "Speedpay" service, through which individuals with mortgage loans serviced by PHH—such as Plaintiffs and

---

[1] Defendant ACI Worldwide Corp. ("ACI") was voluntarily dismissed without prejudice. *See* Dkt. 30.

Class members—can remit mortgage loan payments telephonically or over the Internet. *See, e.g.*, Complaint, ¶¶ 22-27.

When a payor submits a payment using ACI's Speedpay service, the payor is charged a transaction fee (the "Fee"), which is in addition to the amount owed to the payee. *See, e.g.*, Complaint, ¶¶ 28, 34, 46, 56, 65, 74. Plaintiffs used the Speedpay service when paying the outstanding balance on their mortgage loans (the "Debts"), and were charged this Fee. *Id.*, ¶¶ 35-36, 46, 56, 65, 74. As set forth in the Complaint, this Fee violates the Fair Debt Collection Practices Act ("FDCPA") and the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA"). *See*, Complaint, Counts I and II.

Plaintiffs bring their action pursuant to Fed. R. Civ. P. 23 on behalf of a class of similarly situated individuals (the "Class"), defined as follows:

> All individuals in the United States for whom PHH acquired servicing rights for a residential mortgage loan after the loan was in default, and who paid a convenience fee through the ACI Speedpay service in the process of remitting a payment on the loan.
> *See* Compl. ¶ 10.

Plaintiffs also bring this action on behalf of a subclass of similarly situated individuals (the "Rhode Island Subclass"), defined as follows:

> All individuals who own property in Rhode Island secured by a residential mortgage loan to which PHH acquired servicing rights after the loan was in default, and who paid a convenience fee through the ACI Speedpay service in the process of remitting a payment on the loan.
> *See* Compl. ¶ 11.

On August 19, 2020, PHH filed its *Motion to Dismiss the Complaint* ("Motion to Dismiss"). *See*, Motion, Dkt. 19. On October 2, 2020, Plaintiffs filed their opposition to PHH's Motion to Dismiss. *See* Opposition, Dkt. 29.

On September 9, 2020, PHH filed its *Motion to Stay Class Related Proceedings* ("Motion to Stay"). *See*, Dkt. 24. In the Motion to Stay, PHH asks the Court to stay class related proceedings (*e.g.*, class discovery and class certification) in light of an anticipated classwide settlement in *Morris v. PHH Mortgage Corporation*, Case No. 20-60633-CIV-SMITH (S.D. Fla.) ("Morris Action") because the putative classes in this case and the Morris Action are essentially identical, and therefore, a classwide settlement in the Morris Action will resolve the claims of the putative class members in this case.[2] The plaintiffs in the Morris Action presented the settlement to Southern District of Florida Judge Rodney Smith for preliminary approval on August 25, 2020. *See* Motion to Stay, p. 4.

On October 14, 2020, Plaintiffs filed their opposition to PHH's Motion to Stay. *See* Dkt. 32 ("Opposition to Motion to Stay"). Plaintiffs explain in their Opposition to Motion to Stay why the *Morris* settlement is unlikely to be approved by the Florida court. *See* Opposition to Motion to Stay, Section III-C. Indeed, in a California case complaining of the same conduct, *Torliatt v. Ocwen Loan Servicing, LLC*, Case No. 3:19-cv-04303 (N.D. Cal.), the court recently *denied* a substantially similar motion to stay filed by PHH and appointed Torliatt Plaintiff's counsel as interim class counsel for the putative California class. *See*, October 2, 2020 order in *Torliatt* ("Torliatt Order"), attached hereto as **Exhibit A**. The *Torliatt* court noted that no class has been certified in *Morris*, and the prospect of even preliminary approval of the *Morris* settlement is dubious at best. *Id.*, p. 8 ("[T]he settlement in *Morris* has not yet been preliminarily approved; Torliatt [the plaintiff] has filed multiple motions in the *Morris* action to challenge the potential

---

[2] The settlement in the Morris Action seeks to resolve the claims of a national class defined as "all borrowers on home mortgage loans in the United States that were serviced by either or both of the PHH Defendants who, according to the PHH Defendants' records, were charged and paid a Convenience Fee for making a loan payment by telephone, IVR, or the internet between March 25, 2016 and August 21, 2020." *See* Exhibit B to the Motion to Stay, p. 7.

3

settlement and to stay the *Morris* action."). Further, the *Torliatt* court granted Torliatt's motion for appointment of interim class counsel finding that "it is reasonably likely that interim class counsel is necessary to 'protect the interests of the putative [California] class' in this case, because a large portion of the putative class will be affected by the proposed Morris settlement." *Id.*, p. 6.

PHH's attempt here to settle Plaintiffs and the proposed class members' claims out from under them is fundamentally unfair to Rhode Island borrowers. For example, the *Morris* plaintiffs and defendants seek preliminary approval of a settlement that, if approved, will bind borrowers in Rhode Island and across the United States to a settlement that provides that class members' loans are deemed to be amended to permit the very "convenience" or "Pay to Pay" fees that the *Morris* plaintiffs allege are prohibited by federal law and specific provisions of their mortgages.[3]

In other words, the *Morris* plaintiffs will be blessing an amendment to absent class members' mortgages that will prospectively release PHH from violations of Rhode Island law as well as bind class members to loans that would allow for the collection of fees that they did not agree to, and which were illegal when Plaintiffs filed their suit. Further, such a settlement will enjoin class members from challenging these illegal, extra-contractual fees.

Given these developments, it is appropriate for the Court to appoint interim counsel here so that Plaintiffs' counsel can continue to represent the interests of the putative Rhode Island Subclass, both here and in connection with the proposed *Morris* settlement that seeks to deprive

---

[3] *See* Motion to Stay, Exhibit A (Morris Settlement Agreement, pp. 32-33, ¶ 5.3 (2)), which provides, in relevant part, that by virtue of the proposed *Morris* settlement:

> Borrower(s) acknowledge(s) and agree(s) the Lender, or a servicing agent collecting payments under the Note, may charge Borrower(s) fees of up to (and not exceeding) $17.50 per payment for the use of telephonic, IVR, and internet payment methods and any other payment method not specifically provided for by the Note until August 25, 2023 and up to but not exceeding $19.50 per payment for those same payment methods thereafter, and such fees are not limited to and are not represented to be limited to the costs of processing such payments or making such payment methods available.

4

them of their rights and modify their mortgage loan contracts. This, too, would permit Plaintiffs' counsel to opt out the Rhode Island Subclass from any class settlement that would release their prospective claims and leave open the remedy of enjoining PHH's future collections of illegal convenience fees.

Because Plaintiffs' counsel are "best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2), they request that the Court appoint them to do so. Plaintiffs' counsel are experienced and well-qualified class action practitioners, who have distinguished themselves in consumer cases. They have spent considerable time investigating and researching the factual and legal bases for this case. They have sufficient resources to litigate these claims.

Plaintiffs hereby move this Court to appoint Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., Marc Dann of DannLaw, and John B. Ennis (collectively, "Plaintiffs' Counsel") as Interim Class Counsel for the Rhode Island Subclass. Plaintiffs' Counsel have decades of experience and demonstrated success in prosecuting complex lawsuits and class actions in state and federal courts throughout the nation. *See* firm bios of Zimmerman, Dann, and Ennis, attached hereto as **Exhibits B, C, and D**, respectively.

## II. LEGAL STANDARD.

Under Rule 23(g)(3), the district court has the specific power to "designate interim counsel to act on behalf of a putative class ***before*** determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (emphasis added). As explained by the Advisory Committee notes accompanying the Rule: "in many cases the need to progress toward the certification determination" or to otherwise "protect the interests of the putative class" "may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003). "Designation of interim counsel is appropriate when 'overlapping, duplicative or competing suits' exist, when it is necessary to protect the interests of the putative class prior to certification, or when lawyers are

competing for appointment or not cooperating in representing the putative class." *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2010 WL 4878992, at *1 (D.R.I. Dec. 1, 2010) (citing *Manual for Complex Litigation,* Fourth, § 21.11, at 246 (Federal Judicial Center 2004); *Anderson v. Fiserv, Inc.,* 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *Lyons v. CoxCom, Inc.,* 2009 WL 6607949, at *1 (S.D.Cal. July 6, 2009)); *see also Steele v. United States*, No. CV 14-1523, 2015 WL 4121607, at *3 (D.D.C. June 30, 2015); *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012); **Exhibit A**, Torliatt Order, p. 6.

The touchstone for such action, as happened here, is where there are "overlapping, duplicative, or competing class suits . . . pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua*, 2012 WL 3763889, at *1 (quoting Manual § 21.11). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11.

Overlap in cases, however, is not a requirement, and courts have appointed interim class counsel where counsel in a stand-alone case meet the standard of Rule 23(g)(1). *See, e.g., Acker, et al. v. Protech Solutions, Inc.*, No. 20 cv 852 (E.D. AR), Dkt. 16 (appointing Tom Zimmerman and Marc Dann interim class counsel), attached hereto as **Exhibit E**; *Henderson, et al. v. Aqua Illinois, Inc.,* No. 2019 CH 10191 (Will Cnty, IL) (appointing Zimmerman Law Offices, P.C. interim class counsel), attached hereto as **Exhibit F**; *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015).

Rule 23(g) provides the criteria courts are to consider when determining who is best suited to represent the putative class as class counsel. Courts apply the same criteria in appointing interim

6

class counsel. *See* FED. R. CIV. P. 23(g)(1); *Arkansas Teacher Ret. Sys. v. State St. Corp.*, No. CV 11-10230-MLW, 2012 WL 13118446, at *2 (D. Mass. Jan. 12, 2012); *Steele*, 2015 WL 4121607, at *3; *Paraggua*, 2012 WL 3763889, at *1. These factors are: (1) the work that proposed interim class counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also Steele*, 2015 WL 4121607, at *3. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also Solomon v. Am. Web Loan, Inc.*, No. 4:17CV145, 2018 WL 10579660, at *2 (E.D. Va. Sept. 17, 2018). In general, classes are fairly and adequately represented where counsel (and the representative plaintiffs) have no conflicts of interest, and counsel is capable of—and willing to—prosecute the action vigorously on behalf of the class. *See J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019) (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)).

**III.   ARGUMENT.**

    **A.   The Rule 23(g) factors strongly favor the appointment of Plaintiffs' counsel as Interim Class Counsel.**

The Rule 23(g)(1) factors strongly favor appointing Plaintiffs' counsel as Interim Class Counsel to represent the interests of the Rhode Island Subclass. As detailed below, Plaintiffs' counsel are well-equipped and highly motivated to vigorously prosecute Plaintiffs' and the Rhode Island Subclass members' claims.

        **1.   Proposed Interim Class Counsel have performed significant work investigating this matter and identifying potential claims.**

A court considering appointment of lead counsel or interim class counsel should consider the work that counsel has done in the case. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Here, Proposed

Interim Class Counsel have spent significant time and resources investigating the factual and legal bases for this lawsuit. Proposed Interim Class Counsel have spent considerable time investigating reports of PHH's convenience fees; reviewing Plaintiffs' mortgage agreements and mortgage statements; and researching and developing applicable legal theories and arguments. They drafted and filed Plaintiffs' Opposition to PHH's Motion to Dismiss, and Plaintiffs' Opposition to PHH's Motion to Stay. *See* Dkt. 29, 32, respectively. They are working cooperatively with plaintiff's counsel in *Torliatt* to coordinate the cases pending in courts across the country. This substantial work supports the approval of Proposed Interim Class Counsel in these proceedings.

### 2. Proposed Interim Class Counsel have a wealth of experience litigating class actions, and have knowledge of the applicable law.

Proposed Interim Class Counsel are each well qualified to lead this litigation. Plaintiffs' Counsel have substantial experience in complex litigation and class action proceedings. Their collective, substantial experience in consumer protection and mortgage servicing claims, together with their knowledge of class actions, make them uniquely positioned to litigate this case effectively and protect the interests of the proposed Rhode Island Subclass. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii).

Tom Zimmerman is an established and respected trial lawyer who represents clients in complex litigation and class action lawsuits, recovering over $300 million on behalf of individuals and businesses. *See* firm bio for Zimmerman Law Offices, P.C., attached hereto as **Exhibit B**. Over the past 24 years, he has been appointed lead counsel and to positions on plaintiffs' executive committees in nationwide class actions and multidistrict litigation involving claims for deceptive trade practices, violations of the debt collection statutes, and fraudulent practices in cases involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech,

Bridgestone/Firestone, and ADT Corporation. Mr. Zimmerman was selected as a *Super Lawyer* in the area of class action and mass torts in 2017, 2018, 2019 and 2020.

Some of the cases in which Mr. Zimmerman has served as class counsel include: *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL) ($62 million recovery for a nationwide class); *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL) ($48 million recovery for an Illinois statewide class); *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA) ($35 million in monetary and injunctive relief for a nationwide class); *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL) ($31 million recovery for a nationwide class). Mr. Zimmerman is familiar with consumer protection claims relating to mortgage servicing. For example, he settled a class action on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *See id.*, p. 8 (*citing Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL)). A more comprehensive list of his cases is included in Mr. Zimmerman's firm bio. *See* **Exhibit B**.

Marc Dann is a recognized national leader in the use of federal mortgage servicing regulations to hold servicers accountable for their actions. Some of the cases in which Mr. Dann has served as class counsel include: *Miller, et al., v. Inteleos, Inc.*, No. 1:17-cv-00763-DAP (N.D. OH); *Lieber v. Wells Fargo Bank, N.A.*, No. 1:16-cv-02868-PAD (N.D. OH); *Clark, et al. v. Lender Processing Services, Inc., et al.,* No. 2:12-cv-02187 (N.D. OH); *Hlavasa, et al. v. Bank of America, et al.,* No. 2:2011-cv-00530 (N.D. OH); *Turner, et al. v. Lerner, Sampson & Rothfuss*, No. 1: 11-cv-00056 (N.D. OH); and *In re Sonic Corp. Customer Data Security Breach*, No. 1:17-md-2807 (N.D. OH). *See*, firm bio for DannLaw, attached hereto as **Exhibit C.** Mr. Dann routinely

9

litigates complex consumer cases in state and federal courts and has litigated class actions in state and federal courts. *See*, *generally*, **Exhibit C.**

John Ennis is an attorney in Cranston, Rhode Island, who for over 40 years has practiced primarily in the field of consumer law for homeowners. His practice focuses on representing clients who have experienced difficulty in resolving issues with their mortgage and who have been wrongfully threatened with foreclosure, or have actually been foreclosed on wrongfully. Mr. Ennis has secured landmark rulings on mortgage-related legal issues. *See*, bio for John Ennis, attached hereto as **Exhibit D.**

Plaintiffs' counsel have repeatedly been found in various certification decisions to meet the Rule 23(a)(4) requirements to provide fair and adequate representation, and this case is no different.

### 3. Proposed Interim Class Counsel will devote the resources necessary to pursue this litigation.

Courts often consider the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States,* 222 F.R.D. 613, 619 (D. S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney.") (citation omitted). Plaintiffs' Counsel have the resources necessary to prosecute this litigation. The cases that Plaintiffs' Counsel have led evidence their ability to fund this litigation. For example, Mr. Zimmerman and Mr. Dann have represented plaintiffs in nationwide class action litigation on a wholly contingent basis, advanced hundreds of thousands of dollars for costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way. *See*, **Exhibits B and C**. Plaintiffs' Counsel will continue to devote the required

resources to aggressively represent and advance the interests of Plaintiffs and the putative Rhode Island Subclass.

## IV. CONCLUSION.

If appointed by the Court, Plaintiffs' Counsel will continue to commit the necessary time and resources to pursue the matter; will coordinate and cooperate with defense counsel to prosecute the case efficiently, effectively, and in a manner that minimizes costs; and will at all times meet their fiduciary obligations to the named Plaintiffs, putative Rhode Island Subclass members, and this Court. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint them as Interim Class Counsel for the Rhode Island Subclass under Rule 23(g), and for any other relief the Court deems just under the circumstances.

Respectfully submitted,

/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
tom@attorneyzim.com
Matthew C. De Re
(*pro hac vice* anticipated)
matt@attorneyzim.com
Sharon A. Harris
(*pro hac vice* anticipated)
sharon@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180

Marc E. Dann
(admitted *pro hac vice*)
mdann@dannlaw.com
notices@dannlaw.com
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536

                        John B. Ennis
                        Jbelaw75@gmail.com
                        1200 Reservoir Avenue
                        Cranston, RI 02920
                        Telephone: (401) 943-9230
                        Facsimile: (401) 679-0035

                        *Counsel for Plaintiffs and the Putative Classes*

## **CERTIFICATE OF SERVICE**

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 23(g) for Appointment of Interim Class Counsel* to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on this day October 16, 2020.

      s/ Thomas A. Zimmerman, Jr.