# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **KATHRYN M. FORREST**, individually and on behalf of all others similarly situated, **LARRY ROCKWELL II**, individually and on behalf of all others similarly situated, and **THOMAS LAMOUREUX**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **PHH MORTGAGE CORPORATION** d/b/a **PHH MORTGAGE SERVICES,** <br><br> Defendant. | Case No. 1:20-cv-00323-WES-LDA |

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
tom@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

Marc E. Dann
(admitted *pro hac vice*)
mdann@dannlaw.com
Dann Law
15000 Madison Avenue
Lakewood, Ohio 44107

John B. Ennis
Jbelaw75@gmail.com
1200 Reservoir Avenue
Cranston, RI 02920

*Counsel for Plaintiffs and the Putative Class*

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), the Stipulation of Settlement and Release (the "Settlement Agreement") (Doc. 62-1), and this Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Defendant's Motion for Finding of Compliance with the Notice Requirements of the Class Action Fairness Act, (the "Preliminary Approval Order") (Doc. 64), Plaintiffs Kathryn M. Forrest, Larry Rockwell II, and Thomas Lamoureux ("Plaintiffs" or "Settlement Class Representatives") respectfully request that this Court grant final approval of the settlement (the "Settlement") reached between Plaintiffs and Defendant PHH Mortgage Corporation ("PHH" or "Defendant") (collectively with Plaintiffs, the "Parties"). A Proposed Order Granting Final Approval of Class Action Settlement is attached hereto as Exhibit A.

The Settlement in this action (the "Action") will provide significant benefits for Settlement Class Members. The Settlement provides for a common fund of $59,920.50 (the "Settlement Fund") for the benefit of Settlement Class Members, with no reversion to Defendant. The Settlement Fund represents approximately 25% of the total amount of the Convenience Fees that were collected and retained by Defendant that are challenged by Plaintiffs in the Action. No claim forms are required – Settlement Class Members who do not opt out will be sent a check. Any residual funds remaining after checks expire will be disbursed to a *cy pres* recipient, Rhode Island Legal Services, as approved and ordered by the Court. The Settlement Fund does not include attorneys' fees, attorneys' expenses, service awards, or costs of administration, which are all being paid by the Defendant separately and apart from the Settlement Fund.

Plaintiffs and Class Counsel believe that the Settlement is in the best interest of the Settlement Class and clearly satisfies the standard for final approval as discussed herein. Plaintiffs

and Class Counsel have adequately represented the Class. This Settlement is the product of arm's-length negotiations by experienced and informed counsel with a firm understanding of the strengths and weaknesses of their clients' respective claims and defenses, and it was reached only after intensive litigation, discovery, negotiations, and multiple protracted mediation sessions with a respected neutral mediator.

The Court-approved notice program has been fully implemented. The Court-appointed Settlement Administrator sent the approved Notice to all 2,483 Settlement Class Members. *See* Declaration of Dorothy Sue Merryman ("Merryman Decl.") at ¶¶ 5-7, attached hereto as Exhibit B. After remailing the Notice to any non-delivered recipients, the mailings have reached over 98.7% of Settlement Class Members. *Id*. at ¶ 10. The 98.7% delivery success rate is above the high-end of the range endorsed by the Federal Judicial Center. *See* MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, p. 27 (3d ed. 2010) (the norm is in the 70-95% range).

The response by Settlement Class Members has been overwhelmingly positive, further reinforcing the position that final approval of the Settlement is warranted. In fact, there have been no opt-outs and no objections. Merryman Decl. at ¶ 11.

The Settlement yields significant and valuable benefits for the Settlement Class, especially when considering the costs, risks, and delay of continued litigation, trial, and possible appeals. Throughout this litigation Defendant has denied any wrongdoing and defended its legal position vigorously. The Settlement provides Settlement Class Members with compensation now and avoids the risk, delay, and uncertainty of further litigation, as well as a possible trial and appeals.

Accordingly, Plaintiffs respectfully submit that the Settlement satisfies all criteria for final approval, and specifically request this Court: (i) grant final approval of the Settlement as fair,

reasonable, and adequate; (ii) grant final certification of the Settlement Class; (iii) find that the notice program as set forth in Section 7 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances; (iv) grant Plaintiffs' previously filed motion for attorneys' fees, costs, and Settlement Class Representatives' service awards (Doc. 65); and (v) enter final judgment.

## II.  OVERVIEW OF THE LITIGATION

### A.  Summary of Plaintiffs' Claims.

The operative complaint (the "Complaint") in this Action alleges, on behalf of Plaintiffs and all others similarly situated, that PHH violated the Fair Debt Collection Practices Act ("FDCPA") and its identical Rhode Island state analog, the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA") by assessing fees to borrowers that are not permitted by law and are expressly prohibited by their mortgage agreements. Doc. 62-1. Specifically, Plaintiffs allege that PHH's assessment of convenience fees when Plaintiffs sought to pay their mortgage using expedited online or telephonic payments methods violated the FDCPA and RIFDCPA. *Id*.

### B.  Procedural Background.

Following an investigation, Plaintiffs filed the instant action on behalf of the proposed Class that proceeded as follows:

On July 24, 2020, Plaintiffs, individually and on behalf of a purported class, filed a lawsuit in the United States District Court for the District of Rhode Island, asserting claims against Defendant for violations of the FDCPA and the RIFDCPA. Plaintiffs' claims were based on the Defendant's alleged practice of charging Convenience Fees to customers who chose to pay their mortgages online or by telephonic payment methods. Doc. 1. PHH responded to the Complaint

with a Motion to Dismiss, arguing among other things that the Convenience Fees were fully disclosed and agreed to by customers at the time of each online or telephonic payment, and that the fees were in exchange for an extra service Defendants were not required to offer otherwise. Doc. 19.

While its Motion to Dismiss was pending, PHH moved to stay the action pending a ruling on a proposed nationwide class settlement in *Morris v. PHH Mortgage Corp.*, Case No. 0:20-cv-60633-RS (S.D. Fla.). Doc. 24. *Morris* was another class action in which PHH customers challenged PHH's practices related to assessing Convenience Fees. The putative class here substantially overlapped with the putative nationwide class at issue in the proposed class settlement in *Morris.* As PHH argued, the proposed settlement class in *Morris* would have resolved the claims of all or a substantial number of the potential putative class members in this Action. The Court granted PHH's motion to stay on August 6, 2021. Although the parties in *Morris* ultimately withdrew their proposed settlement that prompted the stay and presented an amended proposed settlement with narrower class definitions, the stay remained in place until the Parties moved for preliminary approval of their class action settlement on July 7, 2023. Doc. 62.

    **C.**    **The Settlement Negotiations and the Proposed Settlement.**

At a December 9, 2022 status conference with the Court, the Parties agreed to mediate this case. The Parties conducted their first mediation on February 23, 2023. Doc. 58. The Parties then conducted a second mediation on March 23, 2023. Doc. 59. During that mediation session, the Parties reached a tentative agreement in principle on the principal terms of a potential settlement, which after further refinement and approval by PHH's management, was reduced to an executed term sheet.

Following mediation, the Parties filed a Joint Report Regarding Settlement on June 8, 2023, informing the Court that the Parties had reached an agreement in principle and were working on memorializing the terms of said agreement. Doc. 60.

On July 7, 2023, the Parties fully executed the Settlement Agreement, which memorialized the terms and conditions of the proposed Settlement and contains all relevant exhibits thereto. A copy of the Settlement Agreement is attached as Exhibit 1 to the Motion for Preliminary Approval of Class Action Settlement. Doc. 62-1.

The proposed Settlement requires Defendant to establish a cash settlement fund of $59,920.50 (the "Settlement Fund") for the benefit of Settlement Class Members. Doc. 62. Subject to Court approval, the Settlement Fund will be used to make payments to Settlement Class Members. Doc. 62-1. Defendant will also pay, separately and apart from the Settlement Fund, the costs of Class Notice and Settlement Administration; pay Service Awards in the amount of $5,000 to each named Plaintiff; and pay Class Counsel's attorneys' fees and litigation costs. Doc. 62. Payments will be made to Settlement Class Members without the need for any claim forms. No money will revert to PHH.

In the event that any Individual Allocation relief remains undeliverable three hundred (300) days after the Final Settlement Date despite the Settlement Administrator's efforts to locate the Settlement Class Members, the remaining funds will be paid to Rhode Island Legal Services as a *cy pres* award. Doc. 62 at 11.

On July 7, 2023, Plaintiffs filed their Motion and Incorporated Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. 62. The Court granted the Unopposed Motion for Preliminary Approval of the Settlement on August 24, 2023. Doc. 64. The Notice to the Class therein ordered has now taken place.

## III.   APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e) requires judicial approval for the settlement of class action claims to be effective. *See* Fed. R. Civ. P. 23(e). A class settlement should be approved if the court finds that it is "fair, reasonable, and adequate." *Id*. at 23(e)(2). District courts within the First Circuit have recognized a strong public policy in favor of settlement of class action lawsuits. *See In re Tyco Intern., Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 259 (D.N.H. 2007) ("public policy generally favors settlement").

Rule 23(e)(2) provides that, in determining whether a settlement is "fair, reasonable, and adequate," the Court should consider whether:

(A)   the class representatives and counsel have adequately represented the class;

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

   (i)   the costs, risks, and delay of trial and appeal;

   (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii)   the terms of any proposed award of attorney's fees, including timing of payment;[1] and

   (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In considering a proposed class settlement, "approval is to be given if a settlement is untainted by collusion and is fair, adequate, and reasonable." *In re Lupron Marketing and Sales*

---

[1] Plaintiffs addressed the reasonableness of their requested attorneys' fees and expenses in their fee application and supporting memorandum of law filed on October 26, 2023. Doc. 65.

6

*Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2004). When "sufficient discovery has been provided and the parties have bargained at arm's-length, there is a presumption in favor of the settlement." *Id.*, citing *City P'Ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996); *see also Robinson v. National Student Clearinghouse*, 14 F.4th 56, 59 (1st Cir. 2021) ("[w]here the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable") (citation omitted). Overall, the decision to grant final approval to a class settlement is a balancing test, wherein the court "balance[es] the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *National Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009).

## IV. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, WARRANTING FINAL APPROVAL.

A district court "must presume" a settlement is reasonable where "the parties negotiated at arm's length and conducted sufficient discovery." *Robinson v. National Student Clearinghouse*, 14 F. 4th 56, 59 (1st Cir. 2021), citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). "Moreover, public policy generally favors settlement—particularly in [large] class actions." *In re Tyco Intern., Ltd. Multidistrict Litig.*, 535 F. Supp.2d 249, 259 (D.N.H. 2007). In addition to those considerations, the Settlement in this Action is fair, reasonable, and adequate under the factors identified in Rule 23(e), warranting final approval.

### A. The Settlement Class Representatives and Class Counsel Have Provided Excellent Representation to the Settlement Class, Negotiating at Arm's Length with No Indicia of Collusion.

The first two factors courts are to consider when reviewing proposed class action settlements for their fairness, reasonableness, and adequacy are (1) whether the class representatives and class counsel have provided adequate representation; and (2) whether the

7

proposal was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A)–(B). Both factors are satisfied in this proposed class settlement. The Settlement Class Representatives have adequately represented the Class in this case. They have each been actively involved throughout the course of the litigation and settlement, assisting Class Counsel in investigating the claims on an individual basis, reviewing case documents, remaining apprised of the litigation, and overseeing settlement negotiations. Further, each Settlement Class Representative has no conflict with the Settlement Class, asserts no claim for unique individual relief, and was prepared to testify at trial. The Settlement Class Representatives' efforts, including the risks they voluntarily took as well as the time they expended advancing the litigation, were crucial to achieving the excellent result for the Settlement Class.

Class Counsel have fully and adequately represented all members of the Settlement Class. They are well-qualified and experienced as described in detail in Class Counsel's declarations filed in support of Plaintiffs' motion for an award of attorneys' fees. *See* Doc. 62-1 and 62-2. In brief, Class Counsel vigorously litigated this case by performing such tasks as: (a) extensive pre-filing investigation; (b) researching the law applicable to Plaintiffs' claims and Defendant's defenses; (c) researching, drafting and filing the complaint; (d) reviewing documents; (e) opposing Defendant's motion to dismiss; (f) drafting discovery; (g) drafting Plaintiffs' mediation statement; (h) participating in multiple full-day mediations followed by post-mediation negotiations; and (i) successfully negotiating the Settlement and carrying out their duties to achieve final approval of the Settlement. *See id.* Class Counsel's efforts demonstrate that they vigorously and zealously represented the Class. It is Class Counsel's informed opinion that this Settlement represents an exceptional result and is in the best interest of the Class.

In addition, and in satisfaction of Rule 23(e)(2)(B), the Parties' negotiations were at arm's length, hard fought, and at times contentious, conducted with the assistance of a neutral mediator. *See* Doc. 65. As noted above, there is typically a presumption of fairness that a settlement is fair and reasonable when it is the result of arm's length negotiations between experienced counsel. *Robinson*, 14 F. 4th at 59, citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d at 32-33. The assistance of well-respected mediator Berry B. Mitchell, Ph.D., who has significant experience resolving complex suits in this District, is further evidence that the negotiations were conducted at arms' length and did not involve collusion. *See, e.g.*, *Lobatz v. U.S. In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 619-20 (E.D. La. 2006); *Poertner v. The Gillette Co.*, 618 Fed. App'x 624, 630 (11th Cir. 2015) (settlement achieved only after engaging in extensive arm's length negotiations moderated by an experienced mediator belies any suggestion of collusion).

### B.     The Settlement Provides Significant Relief for the Settlement Class.

When determining if the relief provided for the class is adequate, Rule 23 instructs courts to take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Under Rule 23(e)(2)(C), the relevant inquiry is whether the proposed settlement affords relief that "falls within th[e] range of reasonableness, [and] not whether it is the most favorable possible result of litigation." *Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997) (citation omitted), *aff'd*, 166 F.3d 581 (3d Cir. 1999); *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 409-10 (E.D. Wis. 2002)

9

(Because "[t]he determination of whether a settlement is reasonable is not susceptible to mathematical equation yielding a particular sum…[t]he mere possibility that the class might receive more if the case were fully litigated is not a good reason for disapproving the settlement."). Consideration of the Rule 23(e)(2)(C) factors weighs in favor of final approval.

### i.   *Continued litigation would be risky, complex, lengthy, and expensive.*

While Plaintiffs have calculated the maximum value of their claims to be greater than the Settlement Fund, the maximum value of Plaintiffs' and the Settlement Class's claims must be discounted by the identifiable risks, costs, and delay. *See Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 345 (D. Mass. 2015) (holding that the risks of pursuing a claim and the "risk of not prevailing" counsel in favor of approving a class settlement worth less than the maximum value a class could hypothetically recover); *see also In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 74 (D. Mass. 2005) (holding that the value of the proposed settlement must be considered in light of "the present value of damages…appropriately discounted for the risk of not prevailing"); *see also Lee v. Metrocare Servs.*, No. 3:13-CV-2349, 2015 WL 13729679, at *6 (N.D. Tex. July 1, 2015) ("Inherent in compromise is a yielding of absolutes and an abandoning of highest hopes.") (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, although Plaintiffs and Class Counsel believe that they would ultimately prevail at trial and appeal on their claims, the costs and risks of continued litigation are substantial. Defendant has vigorously denied Plaintiffs' allegations of wrongdoing. *See Churchill Village, L.L.C. v. General Elec.*, 361 F.2d 566, 576 (9th Cir. 2004). Defendant has fought Plaintiffs' claims at every stage of the litigation, filing a motion to dismiss (Doc. 19), and moving to stay pending the resolution of a related class action (Doc. 24). Plaintiffs anticipate that PHH would continue to

defend its position should the case be litigated further, as they have in other similar cases.[2] Thus, continued litigation would have been lengthy and expensive, and the possibility of Plaintiffs prevailing on their claims on a class basis through judgment is uncertain.

Moreover, even if Plaintiffs were to prevail through continued litigation and trial, they still face significant risks, as an appeal by PHH would be likely. "It is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced." *State of West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970), *aff'd* 440 F.2d 1079 (2d Cir.); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *7 (C.D. Cal. June 10, 2005) (same). For example, in *In re Apple Computer Sec. Litig.*, No. C-84-20148-(A)-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991), the jury rendered a verdict in favor of plaintiffs and found recoverable damages in excess of $100 million. Nonetheless, the trial court disagreed and overturned the verdict, entering a judgment notwithstanding the verdict for the individual defendants and ordering a new trial with regard to the corporate defendant. *Id.* Accordingly, consideration of these factors support final approval of the Settlement.

> ii.   **The Settlement Provides Meaningful, Automatic Payments to Settlement Class Members, With No Settlement Class Members Requesting to be Excluded from the Settlement or Objecting to the Settlement.**

Under the Settlement, Settlement Class Members will automatically be sent checks for their *pro rata* distribution of the Settlement Fund, <u>unless</u> he or she submits a timely request for

---

[2] *See Bardak v. Ocwen Loan Servicing, LLC*, No. 8:19-cv-1111, ECF No. 72 (M.D. Fla. Aug. 12, 2020) (dismissing convenience fee claims with prejudice); *Kelly v. Ocwen Loan Servicing, LLC*, 2020 WL 4428470 (M.D. Fla. July 31, 2020); *Lang v. Ocwen Loan Servicing, LLC*, No. 3:20-cv-81-J-20MCR, ECF No. 21 (M.D. Fla. July 17, 2020); *Turner v. PHH Mortg. Corp.*, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 1904596 (N.D. Cal. April 17, 2020) (dismissing nationwide breach of contract and FDCPA claims); *Elbert v. Roundpoint Mortg. Servicing Corp.*, 2020 WL 4818605 (N.D. Cal. Aug. 20, 2020) (dismissing California's Rosenthal Act and UCL, as well as striking the class allegations).

exclusion. Doc. 62-1. The method of distributing the Settlement Fund is thus simple and efficient and no claims process is required.

Further, the relief provided to Settlement Class Members is significant. As previously noted, the Settlement creates a Settlement Fund of $59,920.50, which represents 25% of the Convenience Fees paid by Settlement Class Members and retained by PHH during the Class Period. Doc. 62. After litigating this case for more than three years, reaching a settlement that provides value to the Settlement Class Members is a meaningful and successful conclusion to the case without imposing a burden on the Settlement Class Members to submit a claim to receive the benefits. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800, 2020 WL 256132, at *7 (N.D. Ga. Jan. 13, 2020) (weighing reasonableness of settlement benefits that are certain and available now against years of litigation and uncertainty). The fact that no Settlement Class Members have opted out of, or objected to, the Settlement (Merryman Decl. ¶ 11) confirms that the Settlement enjoys overwhelming support of the Settlement Class Members. This further counsels in favor of approval. *See Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 347 (D. Mass. 2015) (holding that a positive reaction from a settlement class, evidenced by relatively few opt-outs and objections, counsels in favor of final approval of class settlement).

### iii. *The Requested Attorneys' Fees and Costs Are Reasonable and In Line with Similar Awards Approved in the First Circuit.*

As set forth in Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses, and Service Awards (Doc. 65), Class Counsel's request for attorneys' fees, litigation costs, and service awards is directly in line with similar awards approved in the First Circuit and elsewhere. *See* Doc. 65 at 4-5. A lodestar cross-check confirms the reasonableness of Class Counsel's fee request. *Id.* at 7-11. Further, unlike in typical class settlements, attorneys' fees and expenses will be paid directly by PHH, separately from the Settlement Fund. *Id.* at 10. This structure constitutes an

12

additional benefit to the Settlement Class Members. Lastly, pursuant to the Settlement Agreement, Class Counsel will not receive any payment until after the Final Settlement Date. Doc. 62-1, at ¶ 10.5. Thus, the amount requested and the timing of payment weigh in favor of final approval.

### iv. *The Settlement Provides for a Non-Reversionary Common Fund.*

As noted above, there is no claims process; instead, Settlement Class Members who do not opt out will automatically be sent a check. Thereafter, any residual funds will be disbursed as a *cy pres* award to Rhode Island Legal Services. No funds from the Settlement will revert to Defendant. Thus, the distribution of benefits is fair and equitable. *See Hale v. State Farm Mut. Automobile Ins. Co.*, No. 12-0660, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) (finding distribution method involving direct payments to class members whose addresses are known to the parties, plus small number of claims forms to others, to be sufficiently effective). Accordingly, consideration of each of these four subfactors weigh in favor of final approval.

### C.  The Settlement Treats All Settlement Class Members Equitably, and There Is No Agreement Required to Be Identified under Rule 23(e)(3).

Under the Settlement, there is no unfair or preferential treatment of any Settlement Class Member. Payments to Settlement Class Members will be made on a *pro rata* basis. *See* Doc. 62 at 3. Thus, each Settlement Class Member is given fair and equal treatment. Additionally, there are no additional agreements outside of the Settlement Agreement that require identification under Rule 23(e)(3). Accordingly, these factors weigh in favor of final approval.

### D.  The Notice Program Satisfies Rule 23 and Due Process, and Constitutes the Best Notice Practicable.

As set forth above, this Court has already determined that the notice program in this case satisfies Rule 23 and due process. Doc. 64. The notice program has now been fully implemented, providing over 98.7% of the Settlement Class Members with notice of the Settlement. This rate is

outstanding and above the range endorsed by the Federal Judicial Center. *See* MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, p. 27 (3d ed. 2010) (the norm is in the 70-95% range). What is more, the Settlement Administrator continues to maintain the Settlement Website and toll-free phone line and respond to inquiries from Settlement Class Members. Accordingly, the notice provided to Settlement Class Members fulfills all of the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

## V.   FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.

In its Preliminary Approval Order, the Court provisionally certified the Settlement Class upon concluding all of the requirements of Rule 23(a) and (b)(3) were satisfied. Specifically, the Court found that: (a) the Settlement Class is ascertainable; (b) the Settlement Class satisfies the numerosity requirement; (c) the commonality requirement is satisfied for purposes of settlement; (d) the Settlement Class satisfies the typicality requirement of Rule 23(a)(3); (e) Plaintiffs are adequate representatives of the Settlement Class; and (f) predominance and superiority are satisfied. Doc. 64 at 4-10.

Nothing has changed since the Court's preliminary ruling. For these same reasons, this Court should grant final certification of the Settlement Class for settlement purposes only.

## VI.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an order: (i) granting final approval of the Settlement as fair, reasonable, and adequate; (ii) granting final certification to the Settlement Class, appointing Plaintiffs as Settlement Class Representatives and Plaintiffs' counsel as Class Counsel; (iii) finding that the notice program as set forth in Section 7 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies

the requirements of Rules 23(c)(2) and (e)(1) of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances; (iv) awarding Class Counsel attorneys' fees and costs, and service awards to the Plaintiffs; and (v) entering final judgment.

Dated:   November 30, 2023                              Respectfully submitted,


/s/ *Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
tom@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020

Marc E. Dann
(admitted *pro hac vice*)
Dann Law
15000 Madison Avenue
Lakewood, Ohio 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
mdann@dannlaw.com

John B. Ennis
Jbelaw75@gmail.com
1200 Reservoir Avenue
Cranston, RI 02920
Telephone: (401) 943-9230
Facsimile: (401) 679-0035

*Counsel for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on November 30, 2023.

/s/ *Thomas A. Zimmerman, Jr.*
