**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KATHRYN M. FORREST**, individually and on behalf of all others similarly situated, **LARRY ROCKWELL II**, individually and on behalf of all others similarly situated, and **THOMAS LAMOUREUX**, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-00323-WES-LDA |
| v. | ) ) | |
| **PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES**, | ) ) ) | |
| Defendant. | ) | |

**AMENDED
DECLARATION OF THOMAS A. ZIMMERMAN, JR. IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND EXPENSES, AND A SERVICE AWARD**

I, Thomas A. Zimmerman, Jr., hereby declare the following in support of Plaintiff's Motion for Attorneys' Fees, Costs and Expenses, and a Service Award:

1.      I am an attorney duly licensed to practice in the State of Illinois. I represent Plaintiffs in this matter. This declaration is based on personal knowledge of the matters set forth herein.

2.      I am the owner of Zimmerman Law Offices, P.C. ("ZLO").

3.      I am one of the proposed Class Counsel for the proposed Settlement Class in the instant matter.

**Background and Experience of Thomas A. Zimmerman, Jr.**

4.      I am an attorney with extensive experience representing plaintiffs in class action litigation. I have particular expertise in handling class actions, such as the present case, arising out of alleged consumer fraud. To demonstrate my qualifications and the basis for ZLO's requested

attorneys' fees, I will summarize my background and qualifications. I also refer the Court to the ZLO Firm Resume, which is attached hereto as <u>Exhibit A</u>.

5.      I received my Bachelor of Science Degree from the University of Illinois and my M.B.A. in Finance from DePaul University. I earned my law degree from the Chicago-Kent College of Law, where I was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

6.      I am a member in good standing of the Illinois State Bar and the bar of the United States District Court for the Northern District of Illinois. I am also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Sixth, Seventh, and Ninth Circuits, and various other federal district courts. Beyond this case, I have also been admitted *pro hac vice* and have appeared before trial courts in a number of different federal and state jurisdictions.

7.      I have been a litigator for over 27 years and I practice extensively and have obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. I represent both plaintiffs and defendants nationwide in state and federal trial and appellate courts. I also represent individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

8.      I have been lead counsel in national and state-wide class action litigation, and have handled multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, Bridgestone/Firestone, and ADT Corporation. I also represent physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals

before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

9.    In 2017, 2018, 2019, 2020, 2021, 2022, and 2023, I was selected as a *Super Lawyer* in the area of class action and mass torts.

10.   In 2000, I was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as I was chosen out of 60,000 attorneys in Illinois under the age of forty.

11.   In 2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). I served in that capacity until 2011, wherein I presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed me as Special Counsel, wherein I conduct independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

12.   Additionally, the Illinois Governor appointed me to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.

13.   I have served as class counsel or on the plaintiffs' executive committee in dozens of nationwide and statewide class actions, including but not limited to the following actions:

- *Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook County, Ill.).

- *Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook County, Ill.).

- *Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.).

- *Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook County, Ill.).

- *Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. Cal.).

- *Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. Md.).

- *Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.).

- *Improper Fee* — $10.5 million recovery for a nationwide class of individuals whose money was improperly debited from their bank accounts via Automated Clearing House (ACH) transactions. *Dugan, et al. v. Nationstar Mortgage LLC*, No. 21 cv 341 (M.D. NC).

- *Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D.N.Y.).

- *Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook County, Ill.).

- *Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook County, Ill.).

- *Improper Court Fee* — $5.2 million recovery for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court. *Midwest Medical Records Assoc., et al. v. Dorothy Brown, et al.*, No. 15 CH 16986 (Cook County, IL).

- *Data Breach* — $4.95 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by state governments. *Culbertson, et al. v. Deloitte Consulting LLP*, No. 20 cv 3962 (S.D. NY).

- *Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a company that rents caps and gowns for graduation ceremonies. *In re Herff Jones Data Breach Litigation*, No. 21 cv 1329 (S.D. IN).

- *Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

- *Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook County, Ill.).

- *Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook County, Ill.).

- *Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. Ill.).

- *Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook County, Ill.).

- *Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D.N.Y.).

- *Misleading Product Claims* — $1.9 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook County, IL).

- *Shareholder Derivative Suit* — $1.875 recovery, and corporate governance reforms, for a nationwide class of shareholders against a company and its officers and directors due to breaches of fiduciary duties and excess compensation to the officers and directors due to overstated financial results. *Dorvit, et al. v. Winemaster, et al.*, No. 17 cv 1097 (N.D. IL).

- *Data Breach* — $1.75 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by their employer. *Migliaccio, et al. v. Parker Hannifin Corp.*, No. 22 cv 835 (N.D. OH).

- *Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook County, Ill.).

- *Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. Cal.).

- *Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

- *Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.).

- *School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook County, Ill.).

- *Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

14. As demonstrated in numerous earlier class cases, my firm and I have litigated numerous class actions and we know of the legal and practical challenges associated with the prosecution of class claims, including such claims involving alleged consumer fraud.

**ZLO's Work in this Case**

15. The total number of hours spent by ZLO on this litigation through October 26, 2023, is **235.8** with a total lodestar of **$142,246.50**. Class Counsel will continue to expend additional time in connection with overseeing the administration of the settlement and distribution of benefits, answering any questions related to the settlement, and obtaining final approval of the settlement.

16. An itemized listing of ZLO's time entries is attached hereto as <u>Exhibit B</u>, and is summarized below:

**ZLO's Lodestar Summary**

| **ZLO Personnel** | **Position** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|
| Thomas A. Zimmerman, Jr. | Owner<br><br>(over 27 Years of Practice)<br><br>(admitted to Illinois Bar in July 1996) | $775 | 70.6 | $54,715.00 |
| Sharon A. Harris | Attorney<br><br>(over 24 Years of Practice)<br><br>(admitted to Illinois Bar in Nov. 1998) | $710 | 27.8 | $19,738.00 |

| | | | | |
|---|---|---|---|---|
| Jeffrey D. Blake | Attorney<br><br>(over 10 Years of Practice)<br><br>(admitted to Illinois Bar in April 2013) | $515 | 4.7 | $2,420.50 |
| Matthew C. De Re | Attorney<br><br>(over 8 Years of Practice)<br><br>(admitted to Illinois Bar in Nov. 2014) | $495 | 131.6 | $65,142.00 |
| Jacalyn E. Zaleski-Soline | Paralegal | $210 | 1.1 | $231.00 |
| **TOTAL** | | | **235.8** | **$142,246.50** |

17.     In my experience, this time was reasonably and justifiably incurred.

18.     Class Counsel will have to expend further efforts to usher the Settlement Agreement to a final judgment not subject to appeal, including filing a motion for final approval, responding to any objections to the settlement, and assisting the settlement administrator in administrating the settlement as needed.

### ZLO's Attorneys' and Paralegal Hourly Rates are Reasonable

19.     ZLO's hourly rates, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates charged for legal services in similar complex class action litigation such as this one. These current hourly rates have been adjusted for inflation and updated for additional years of practice based on previous hourly rates accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent

class action cases. ZLO billed my time at the rate of $775 per hour, which is lower than market rates. My current hourly rate is adjusted for inflation from my prior rate of $735 per hour, which was accepted by a court for purposes of a lodestar determination / lodestar cross-check in 2022 in *Bruun v. Red Robin Gourmet Burgers, Inc.*, D. NV Case No. A-20-814178-C. Prior to that, my previous hourly rate of $715 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2021 in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256.

20.     With more than 24 years of experience, Sharon Harris has similar years of experience as me. ZLO billed Ms. Harris's time at the rate of $710 per hour, which is lower than market rates. Ms. Harris's current hourly rate is adjusted for inflation from her prior rate of $700 per hour, which was accepted by a court for purposes of a lodestar determination / lodestar cross-check in 2022 in *Bruun v. Red Robin Gourmet Burgers, Inc.*, D. NV Case No. A-20-814178-C. Prior to that, Ms. Harris's previous hourly rate of $675 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2021 in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256.

21.     ZLO billed Jeff Blake's time at the rate of $515 per hour, which is lower than market rates. Mr. Blake's current hourly rate is adjusted for inflation from his prior rate of $500 per hour, which was accepted by a court for purposes of a lodestar determination / lodestar cross-check in 2022 in *Bruun v. Red Robin Gourmet Burgers, Inc.*, D. NV Case No. A-20-814178-C. Prior to that, Mr. Blake's previous hourly rate of $450 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2021 in *Koustis v. Select Portfolio Servicing,*

*Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256.

22.     ZLO billed Matt De Re's time at the rate of $495 per hour, which is lower than market rates. Mr. De Re's current hourly rate is adjusted for inflation from his prior rate of $475 per hour, which was accepted by a court for purposes of a lodestar determination / lodestar cross-check in <u>2022</u> in *Bruun v. Red Robin Gourmet Burgers, Inc.*, D. NV Case No. A-20-814178-C. Prior to that, Mr. De Re's previous hourly rate of $390 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256.

23.     ZLO billed its paralegal time at the rate of $210 per hour, which is lower than market rates. The current paralegal hourly rate is adjusted for inflation from the prior rate of $190 per hour, which was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2022</u> in *Bruun v. Red Robin Gourmet Burgers, Inc.*, D. NV Case No. A-20-814178-C; and in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256.

24.     The hourly rates are also supported by the Laffey Matrix. The Laffey Matrix is a table prepared by the United States Attorney's Office for the District of Columbia listing appropriate hourly rates for attorneys of varying experience levels to be used in awarding reasonable attorneys' fees.

25.     The Adjusted Laffey Matrix calculates the appropriate rates for each year by using the legal services component of the Consumer Price Index ("CPI") (rather than the entire CPI) and

applies it to the Laffey Matrix. *See* http://www.laffeymatrix.com/see.html, attached hereto as Exhibit C; *see also* http://www.laffeymatrix.com/history.html. The Adjusted Laffey Matrix has been utilized by numerous Courts in determining reasonable attorneys' fees. *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006); *Salazar v. Dist. of Columbia*, 750 F. Supp. 2d 70, 73 (D.D.C. 2011); *Ricks v. Barnes*, 2007 WL 956940, at *3 (D.D.C. Mar. 28, 2007). Indeed, the Adjusted Laffey Matrix has been held to be "more accurate" than the Laffey Matrix. *Smith*, 466 F. Supp. 2d at 156.

26.     Although the Laffey Matrix is not dispositive, many courts use the Laffey Matrix as "satisfactory evidence of the prevailing rate" in determining the reasonableness of attorneys' fees. *See Hadnott v. City of Chicago*, No. 07 cv 6754, 2010 WL 1499473, at *6 (N.D. Ill. April 12, 2010) (collecting cases); *Berg v. Culhane*, 09 cv 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011).

27.     ZLO billed my time at $775 per hour. As the Adjusted Laffey Matrix shows, this rate is well below the established market rate for lawyers with my years of experience (20+ years), which was between $919 - $1,057 per hour from 6/1/2021-5/31/2024. *See* Exhibit C.

28.     Similarly, the hourly rates of the other attorneys at ZLO are also below the established market rates in the Adjusted Laffey Matrix. Specifically, ZLO billed Sharon Harris's time at $710 per hour. As set forth above, this rate is well below the established market rate for lawyers with her years of experience (20+ years). ZLO billed Jeff Blake's time at $515 per hour. This rate is well below the established market rate for lawyers with his years of experience (8-10 years), which was between $676 - $777 per hour from 6/1/2021-5/31/2024. ZLO billed Matt De Re's time at $495 per hour. As set forth above, this rate is well below the established market rate for lawyers with his years of experience (8-10 years). Additionally, ZLO billed paralegal time at

$210 per hour, which is below the established market rate of between $208 - $239 per hour from 6/1/2021-5/31/2024 set forth in the Adjusted Laffey Matrix. *See* Exhibit C.

## Sage Timeslips

29.     My firm uses Sage Timeslips ("Sage"), which is a standard timekeeping and billing program that is used worldwide. *See* http://www.sage.com/company/about-sage/how-we-started (last visited August 1, 2022). Sage allows an attorney or timekeeper to enter his/her billable time and expenses directly into the Sage program; thus, the Sage time report consists of the "original" time and expense entries. The attorneys and paralegals at ZLO input their time and expense entries directly into Sage each day. ZLO's attorneys and paralegals enter into Sage a description of the work they performed, the date the work was performed, the time they spent performing the work, any expenses incurred, and the cases to which the time and expenses relate. The practice and procedure of ZLO requires attorneys and paralegals to enter their time and expenses into the Sage program on the same date that the work is performed and the expense is paid.

## Risk Involved

30.     Class Counsel undertook this case on a contingent-fee basis, assuming significant risk that the case would yield no recovery and would leave my firm uncompensated. From the outset of this matter, Class Counsel has not been compensated for any time spent representing Plaintiffs or Class members in the litigation.

31.     This case presented substantial risk and uncertainties that could have prevented any recovery whatsoever. Despite the most vigorous and competent of efforts, success in this contingent-fee litigation was never assured.

32.     As a result of our efforts in the face of substantial risks, Class Counsel achieved a significant recovery for the benefit of the Settlement Class.

## The Requested Service Award is Reasonable

33.     Plaintiffs have been instrumental in their role as Class Representatives. Plaintiffs assisted Class Counsel in their investigation and initiation of this case as a class action, and provided documentation and detailed information that assisted Class Counsel in drafting the Complaint. Plaintiffs initiated the lawsuit, and reviewed the draft of the Complaint before it was filed. Plaintiffs actively participated in the prosecution of this action, assisted Class Counsel with the investigation into the factual background of their claims, and reviewed case documents. Plaintiffs and Class Counsel discussed the terms of the Settlement as it was being negotiated, and Plaintiffs reviewed and approved the Settlement Agreement. Plaintiffs have been committed to this litigation, and were prepared to be a part of any trial that may have followed. In addition, Plaintiffs took on the risk associated with filing a lawsuit against their loan servicer, including potential for retaliation by a well-capitalized corporation in any number of ways.

## Description of Fee Agreement With Plaintiffs

34.     Class Counsel in this matter were retained by Plaintiffs on a contingency fee basis. This retainer was a written agreement executed by each Plaintiff, an attorney from DannLaw, an attorney from Zimmerman Law Offices, P.C., and John Ennis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this 13th day of December, 2023, at Chicago, Illinois.

/s/ *Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.

# EXHIBIT A

# ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $350 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 27 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019, 2020, 2021, 2022, and 2023, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed

Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

## Sharon A. Harris

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. She has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, data breach laws, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. She has been appointed class counsel in numerous cases. For example, she was appointed one of class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled. A settlement was granted final approval. Ms. Harris was also appointed class counsel in a class action lawsuit, *Norton, et al. v. Niantic, Inc.*, No. 2017 CH 10281 (Cir. Ct. Cook Cty., Ill.), and helped negotiate a $1.75 million settlement on behalf of attendees at the 2017 Pokémon GO Fest in Chicago that were unable to play the game during the fest due to technical and other issues. Additionally, Ms. Harris was appointed class counsel in a class action lawsuit, *Miller, et al. v. Inteleos, Inc.*, No. 1:17-cv-00763-DAP (N.D. Ohio), on behalf of individuals who took a Registered Vascular Technology (RVT) examination and passed the examination but received an incorrect failing score. The settlement she helped negotiate was granted final approval by the Court.

She received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. Ms. Harris received her law degree from DePaul University College of Law. She is a member of the American, Illinois State, and Chicago Bar Associations. She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Northern District of Indiana, and the United States Courts of Appeals for the Seventh and Ninth Circuits.

## Matthew C. De Re

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in

law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

### Jeffrey D. Blake

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

### Jordan M. Rudnick (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

_Misleading Product Claims_ — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. _Bergman, et al. v. DAP Products, Inc., et al._, No. 14 cv 3205 (D. MD).

_Fraud / Data Breach_ — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. _In re Ashley Madison Customer Data Security Breach Litigation_, MDL No. 2669 (E.D. MO).

_Improper Fee_ — $10.5 million recovery for a nationwide class of individuals whose money was improperly debited from their bank accounts via Automated Clearing House (ACH) transactions. _Dugan, et al. v. Nationstar Mortgage LLC_, No. 21 cv 341 (M.D. NC).

_Defective Products_ — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. _Jones v. First Quality Enterprises, Inc., et al._, No. 14 cv 6305 (E.D. NY).

_Power Outages_ — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. _In re Commonwealth Edison 1999 Summer Power Outages_, No. 99 CH 11626 (Cook Cnty, IL).

_Privacy Violation_ — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. _Aliano v. Airgas USA, LLC_, No. 14 CH 20024 (Cook Cnty, IL).

_Improper Court Fee_ — $5.2 million recovery for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court. _Midwest Medical Records Assoc., et al. v. Dorothy Brown, et al._, No. 15 CH 16986 (Cook Cnty, IL).

_Data Breach_ — $4.95 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by state governments. _Culbertson, et al. v. Deloitte Consulting LLP_, No. 20 cv 3962 (S.D. NY).

_Data Breach_ — $4.3 million recovery for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a company that rents caps and gowns for graduation ceremonies. _In re Herff Jones Data Breach Litigation_, No. 21 cv 1329 (S.D. IN).

_Data Breach_ — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. _In re Sonic Corp. Customer Data Breach Litigation_, MDL No. 2807 (N.D. OH).

_Unsolicited Faxes_ — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. _Derose Corp. v. Goyke Health Center_, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Misleading Product Claims* — $1.9 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

*Shareholder Derivative Suit* — $1.875 recovery, and corporate governance reforms, for a nationwide class of shareholders against a company and its officers and directors due to breaches of fiduciary duties and excess compensation to the officers and directors due to overstated financial results. *Dorvit, et al. v. Winemaster, et al.*, No. 17 cv 1097 (N.D. IL).

*Data Breach* — $1.75 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by their employer. *Migliaccio, et al. v. Parker Hannifin Corp.*, No. 22 cv 835 (N.D. OH).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

<u>School Misrepresenting Accreditation</u> — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

<u>Privacy Violation</u> — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

<u>Data Breach</u> — $900,000 recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a mortgage servicer. *Schmitt v. SN Servicing Corp.*, No. 21 cv 3355 (N.D. CA).

<u>Breach of Contract</u> — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

<u>Privacy Violation</u> — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc*., et al., No. 09 cv 0910 (N.D. IL).

<u>Contaminated Drinking Water</u> — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

<u>Fraud</u> — $450,000 recovery for a nationwide class of individuals who were charged and paid for a greater quantity of a product than they received. *Bruun v. Red Robin Gourmet Burgers, Inc., et al.*, No. A-20-814178-C (Clark Cnty, NV).

<u>Fraud</u> — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

<u>Foreclosure Fraud</u> — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

<u>Privacy Violation</u> — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

<u>Data Breach</u> — $285,000 recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain. *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.,* No. 19 CH 2759 (Cook Cnty., IL).

_Foreclosure Fraud_ — $270,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. _McCoy v. Wells Fargo Bank, N.A._, No. 20 cv 176 (D. OR).

_Privacy Violation_ — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. _DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts_, No. 11 cv 6116 (N.D. IL).

_Unsolicited Faxes_ — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. _Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.,_ No. 07 CH 14018 (Cook Cnty, IL).

_Constitutional Violation_ — $175,000 recovery for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. _Black, et al. v. City of Girard, Ohio, et al._, No. 18 cv 1256 (Trumbull Cnty, OH).

_Improper Health Club Memberships_ — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. _Izak-Damiecki v. World Gym International, LLC_, No. 10 CH 18845 (Cook Cnty, IL).

_Illegal Lending Practices_ — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. _Papeck, et al. v. T.N. Donnelly & Co._, No. 09 CH 31997 (Cook Cnty, IL).

_Privacy Violation_ — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. _Dudzienski v. GMRI, Inc._, No. 07 cv 3911 (N.D. IL).

_Unsolicited Faxes_ — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. _Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc._, No. 08 CH 43273 (Cook Cnty, IL).

_Privacy Violation_ — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. _O'Brien v. Paninos, Inc._, No. 10 cv 2991 (N.D. IL).

_Breach of Warranty_ — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. _Brady, et al. v. Learning Curve Int'l, Inc._, _et al._, No. 06 CH 03056 (Cook Cnty, IL).

_Privacy Violation_ — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. _In re Kathy Aliano v. Hancock Fabrics, Inc._, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

## Pending Cases — Preliminary Approval of Settlement Granted

*Antitrust* — $20 million recovery for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act. *In re. Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. CA).

*Consumer Fraud* — $900,000 recovery for a nationwide class of individuals who purchased a cheese product that did not contain the cheese as an ingredient. *Joseph v. Inventure Foods, Inc.*, No. 21 cv 1340 (N.D. IL).

## Pending Cases — Appointed Class Counsel

*Improper Fee* — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license. *Madyda, et al. v. Ohio Dept. of Public Safety*, No. 19-426 (OH Ct. of Claims).

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead. *Henderson, et al. v. Aqua Illinois, Inc.*, No. 2019 CH 10191 (Will Cnty, IL).

*Constitutional Violation* — Class action for a statewide class of individuals who paid an unconstitutional firearms and ammunition tax. *Boch, et al. v. Cook County, Illinois, et al.*, No. 21 CH 5485 (Cook Cnty, IL).

## Pending Cases — Appointed to Executive Committee

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a password protection company. *In re LastPass Data Security Incident Litigation*, No. 22 cv 12047 (D. MA).

*Invasion of Privacy* — Class action for a nationwide class of individuals who had their personal and health information disclosed to social media companies for advertising purposes. *Doe v. GoodRx Holdings, Inc., et al.*, No. 23 cv 501 (N.D. CA).

## Pending Cases

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Constitutional Violation* — Class action for a statewide class of individuals who were improperly denied pandemic unemployment assistance benefits because the governor of their state refused to accept those federal benefits and distribute the money to the individuals.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Consumer Fraud* — Class action for a nationwide class of individuals who were defrauded when their printers were disabled from using third party toner under the guise of a firmware update.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective product that was contaminated with *Salmonella*.

*Consumer Fraud* — Class action for a statewide class of individuals who were denied loans due to discriminatory banking practices.

*Breach of Contract* — Class action for a nationwide class of individuals who paid for continuous printer toner and ink, but the company failed to deliver it as promised.

*Consumer Fraud* — Class action for a nationwide class of individuals who paid inflated prices for a product.

*Bankruptcy Violation* — Class action for a nationwide class of individuals against a company that took their money in violation of the bankruptcy automatic stay.

*Fraud* — Class action for a statewide class of individuals who were charged and paid an excessive fee to obtain documents from their condominium associations.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective product that caused liver failure.

*Data Breach* — Class action for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by their employer.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized text messages to their phones.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective product that contained undisclosed harmful ingredients.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

# EXHIBIT B

# Zimmerman Law Offices, p.c.

77 West Washington Street
Suite 1220
Chicago, Illinois 60602
Telephone (312) 440-0020
Facsimile (312) 440-4180

www.attorneyzim.com

October 26, 2023

PHH Mortgage Class Action Lawsuit

In Reference To: Forrest, et al. v. PHH Mortgage Corporation
                 Case No. 20-cv-323 (D. RI)

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/28/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.30 $495.00/hr | 148.50 |
| | MDR | Draft Complaint | 5.30 $495.00/hr | 2,623.50 |
| 4/29/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.20 $495.00/hr | 99.00 |
| 4/30/2020 | MDR | Telephone conference with co-counsel regarding Complaint | 0.40 $495.00/hr | 198.00 |
| 5/5/2020 | MDR | Draft Complaint | 4.70 $495.00/hr | 2,326.50 |
| 5/6/2020 | MDR | Draft Complaint | 1.80 $495.00/hr | 891.00 |
| 5/7/2020 | MDR | Draft Complaint | 3.40 $495.00/hr | 1,683.00 |
| 5/8/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.40 $495.00/hr | 198.00 |
| | MDR | Telephone conference with co-counsel regarding Complaint | 0.60 $495.00/hr | 297.00 |
| | MDR | Research decision in similar California case (Torlait) | 1.70 $495.00/hr | 841.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.40 $495.00/hr | 198.00 |
| | MDR | Research case law in different jurisdictions regarding mortgage servicers as debt collectors | 1.40 $495.00/hr | 693.00 |
| 5/18/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.30 $495.00/hr | 148.50 |
| | MDR | Telephone conferences with co-counsel regarding Complaint | 0.60 $495.00/hr | 297.00 |
| | MDR | Research case law in different jurisdictions regarding mortgage servicers as debt collectors | 1.20 $495.00/hr | 594.00 |
| 5/21/2020 | MDR | Telephone conference with co-counsel regarding Complaint | 0.40 $495.00/hr | 198.00 |
| | MDR | Review and revise Complaint | 0.80 $495.00/hr | 396.00 |
| 5/22/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.20 $495.00/hr | 99.00 |
| 5/26/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.50 $495.00/hr | 247.50 |
| | MDR | Telephone conference with co-counsel regarding Complaint | 0.60 $495.00/hr | 297.00 |
| | MDR | Review and revise Complaint | 1.80 $495.00/hr | 891.00 |
| 7/15/2020 | MDR | Draft and review emails to and from co-counsel regarding Complaint | 0.20 $495.00/hr | 99.00 |
| 7/16/2020 | SH | Review, proofread, and revise the draft complaint; look up websites identified throughout the complaint and download the articles; review client documents; and verify information and mark the exhibits. Prepare a list of exhibits. | 6.00 $710.00/hr | 4,260.00 |
| 7/20/2020 | TAZ | Revise complaint. Review and compile exhibits to complaint. | 2.40 $775.00/hr | 1,860.00 |
| 7/22/2020 | SH | Research whether we need to file a motion for class certification to avoid our plaintiffs being picked off. | 0.80 $710.00/hr | 568.00 |
| | SH | Review letter regarding plaintiff Bonadona's loan. Mark it as and exhibit and revise draft complaint. Email co-counsel regarding remaining steps to finalize the complaint. | 1.00 $710.00/hr | 710.00 |

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 7/24/2020 | JZ | Draft motion for admission pro hac vice for Thomas A. Zimmerman, Jr., and electronic filing registration form. | 0.50<br>$210.00/hr | 105.00 |
| 7/27/2020 | MDR | Draft and review emails to and from co-counsel regarding strategy in case | 0.30<br>$495.00/hr | 148.50 |
| 7/29/2020 | JZ | Draft appearance of counsel for Thomas A. Zimmerman, Jr. | 0.30<br>$210.00/hr | 63.00 |
| 8/20/2020 | MDR | Telephone conference with co-counsel regarding strategy in case | 0.60<br>$495.00/hr | 297.00 |
| 8/25/2020 | MDR | Telephone conference with co-counsel regarding strategy in case | 1.00<br>$495.00/hr | 495.00 |
| 9/25/2020 | MDR | Draft and review emails to and from co-counsel regarding strategy in case | 0.40<br>$495.00/hr | 198.00 |
| 9/28/2020 | MDR | Draft and review emails to and from co-counsel regarding strategy in case | 0.30<br>$495.00/hr | 148.50 |
| | MDR | Review and analyze Defendants' Motions to Dismiss. | 1.90<br>$495.00/hr | 940.50 |
| | MDR | Draft responses to Defendants' Motions to Dismiss. | 2.70<br>$495.00/hr | 1,336.50 |
| 9/30/2020 | MDR | Draft responses to Defendants' Motions to Dismiss. | 3.20<br>$495.00/hr | 1,584.00 |
| 10/1/2020 | MDR | Draft responses to Defendants' Motions to Dismiss. | 8.40<br>$495.00/hr | 4,158.00 |
| 10/2/2020 | TAZ | Revise response to motion to dismiss complaint | 2.80<br>$775.00/hr | 2,170.00 |
| | MDR | Draft and review emails to and from co-counsel regarding responses to Defendants' Motions to Dismiss. | 0.30<br>$495.00/hr | 148.50 |
| | MDR | Telephone conferences with co-counsel regarding responses to Defendants' Motions to Dismiss. | 0.60<br>$495.00/hr | 297.00 |
| | MDR | Draft responses to Defendants' Motions to Dismiss. | 7.20<br>$495.00/hr | 3,564.00 |
| 10/5/2020 | JZ | Draft notice of voluntary dismissal of defendant ACI Worldwide Corp. | 0.30<br>$210.00/hr | 63.00 |
| 10/9/2020 | MDR | Review and analyze Defendants' Motions to Stay | 1.40<br>$495.00/hr | 693.00 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/9/2020 | MDR | Legal research relative to response to Defendants' Motions to Stay | 2.70 $495.00/hr | 1,336.50 |
| 10/12/2020 | MDR | Telephone conference with co-counsel regarding Motions to Stay | 0.80 $495.00/hr | 396.00 |
| | MDR | Draft response to Motion to Stay | 4.10 $495.00/hr | 2,029.50 |
| 10/13/2020 | MDR | Draft response to Motion to Stay | 5.30 $495.00/hr | 2,623.50 |
| 10/14/2020 | MDR | Review and analyze order denying stay in related case | 0.30 $495.00/hr | 148.50 |
| | MDR | Draft and review emails to and from co-counsel regarding response to Motion to Stay | 0.30 $495.00/hr | 148.50 |
| | MDR | Telephone conference with attorneys in related matter regarding case | 0.60 $495.00/hr | 297.00 |
| | MDR | Draft response to Motion to Stay | 2.80 $495.00/hr | 1,386.00 |
| | TAZ | Revise Rule 30(b)(6) deposition notice and rider | 0.80 $775.00/hr | 620.00 |
| | TAZ | Revise discovery dispute letter to judge | 0.90 $775.00/hr | 697.50 |
| | TAZ | Revise response to defendant's motion to stay | 1.90 $775.00/hr | 1,472.50 |
| 10/15/2020 | SH | Research law in the First Circuit regarding motions pursuant to Rule 23(g) for appointment of interim class counsel. | 1.50 $710.00/hr | 1,065.00 |
| | SH | Review Morris settlement, review Torliatt motion for appointment of interim class counsel, review Torliatt order granting motion for appointment, review defendant's motion to stay and our response, review examples, review my research, and draft our Motion pursuant to Rule 23(g) for appointment of interim class counsel. Mark exhibits. Email draft to Thomas A. Zimmerman, Jr. | 6.00 $710.00/hr | 4,260.00 |
| 10/16/2020 | SH | Draft rule 23(g) motion for appointment. | 3.00 $710.00/hr | 2,130.00 |
| | TAZ | Revise Rule 23(g) petition to appoint interim class counsel. Compile, revise, and mark exhibits. | 3.70 $775.00/hr | 2,867.50 |
| 10/30/2020 | MDR | Review email from opposing counsel regarding reply in opposition to Rule 23(g) motion | 0.10 $495.00/hr | 49.50 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/30/2020 | TAZ | Review and analyze defendant's opposition to Rule 23(g) motion | 1.80 $775.00/hr | 1,395.00 |
| 11/5/2020 | MDR | Review and analyze briefing on Rule 23(g) Motion | 2.10 $495.00/hr | 1,039.50 |
| | SH | Review PHH's brief in opposition to appointment and research issues. | 2.00 $710.00/hr | 1,420.00 |
| 11/6/2020 | MDR | Review and revise reply in support of Rule 23(g) Motion | 1.70 $495.00/hr | 841.50 |
| | SH | Draft reply brief in support of our motion for appointment as interim class counsel, and draft email to co-counsel regarding same. | 3.00 $710.00/hr | 2,130.00 |
| | SH | Research cases cited by PHH, research to find any cases that distinguish PHH's authority, research the differences between the RIFDCPA and the federal FDCPA, research the status of the Morris settlement, and research regarding the circumstances when Rule 23(g) applies. | 4.50 $710.00/hr | 3,195.00 |
| | TAZ | Revise reply in support of Rule 23(g) motion.  File it. | 0.90 $775.00/hr | 697.50 |
| 12/18/2020 | TAZ | Review and analyze supplemental authority filed by defendant in support of its motion to dismiss | 1.30 $775.00/hr | 1,007.50 |
| 12/21/2020 | MDR | Draft and review emails to and from co-counsel regarding strategy in case | 0.30 $495.00/hr | 148.50 |
| | MDR | Review and analyze Defendant's Notice of Supplemental Authority | 0.80 $495.00/hr | 396.00 |
| 2/1/2021 | MDR | Review and analyze supplemental authority from Morris action | 1.40 $495.00/hr | 693.00 |
| | MDR | Draft notice of supplemental authority | 3.70 $495.00/hr | 1,831.50 |
| | TAZ | Review and revise notice of supplemental authority for motions to dismiss and stay, and to appoint class counsel. File it. | 1.30 $775.00/hr | 1,007.50 |
| | TAZ | Review and analyze amicus brief in opposition to settlement in Florida case | 2.40 $775.00/hr | 1,860.00 |
| 2/15/2021 | TAZ | Review and analyze motion to strike supplemental authority | 0.90 $775.00/hr | 697.50 |
| 2/19/2021 | MDR | Telephone conference with co-counsel regarding case | 0.50 $495.00/hr | 247.50 |

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 2/25/2021 | MDR | Draft and review emails to and from co-counsel regarding response to Motion to Strike | 0.30 $495.00/hr | 148.50 |
| | MDR | Review and analyze Defendant's Motion to Strike | 0.60 $495.00/hr | 297.00 |
| | MDR | Legal research for response to Defendant's Motion to Strike | 1.50 $495.00/hr | 742.50 |
| 2/26/2021 | MDR | Legal research for response to Defendant's Motion to Strike | 0.90 $495.00/hr | 445.50 |
| | MDR | Draft response to motion to strike supplemental authority | 3.20 $495.00/hr | 1,584.00 |
| 3/1/2021 | TAZ | Revise response to motion to strike supplemental authority | 1.20 $775.00/hr | 930.00 |
| 3/5/2021 | MDR | Review and analyze Defendant's reply in support of motion to strike supplemental authority | 0.60 $495.00/hr | 297.00 |
| | MDR | Draft Second Notice of Supplemental Authority | 2.00 $495.00/hr | 990.00 |
| | TAZ | Revise notice of additional supplemental authority regarding the federal government's objection to the Florida settlement. Circulate it. | 0.80 $775.00/hr | 620.00 |
| | TAZ | Review and analyze federal government's objection to the Florida settlement | 1.10 $775.00/hr | 852.50 |
| 3/17/2021 | MDR | Review and analyze Defendant's Second Motion to Strike | 0.50 $495.00/hr | 247.50 |
| | MDR | Draft response to Defendant's Second Motion to Strike | 1.00 $495.00/hr | 495.00 |
| | TAZ | Revise response to defendant's motion to strike our additional supplemental authority. Circulate it. | 0.30 $775.00/hr | 232.50 |
| | TAZ | Review and analyze defendant's motion to strike our additional supplemental authority. | 0.40 $775.00/hr | 310.00 |
| 3/26/2021 | TAZ | Review and analyze defendant's reply in support of motion to strike supplemental authority | 0.60 $775.00/hr | 465.00 |
| 4/9/2021 | MDR | Telephone conference with co-counsel regarding status of case | 0.20 $495.00/hr | 99.00 |
| 4/15/2021 | TAZ | Review and analyze defendant's supplemental supporting authority | 0.30 $775.00/hr | 232.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/22/2021 | MDR | Telephone conference with co-counsel regarding status of case | 0.10 $495.00/hr | 49.50 |
| 2/18/2022 | TAZ | Revise status report. File it. | 0.30 $775.00/hr | 232.50 |
| 10/26/2022 | TAZ | Telephone conference with defense counsel regarding settlement | 0.20 $775.00/hr | 155.00 |
| 10/28/2022 | TAZ | Review status report | 0.20 $775.00/hr | 155.00 |
| 12/9/2022 | TAZ | Prepare for and attend court for referral to mediator | 0.30 $775.00/hr | 232.50 |
| 12/14/2022 | TAZ | Review order referring case to ADR | 0.10 $775.00/hr | 77.50 |
| 12/20/2022 | TAZ | Review and analyze settlement papers from other Speedpay case | 1.30 $775.00/hr | 1,007.50 |
| 12/21/2022 | TAZ | Review and analyze email regarding settlement numbers from defendant | 0.30 $775.00/hr | 232.50 |
| | TAZ | Review and analyze documents from defendant | 1.10 $775.00/hr | 852.50 |
| 12/22/2022 | TAZ | Review and analyze settlement agreements from 5 other Speedpay cases | 2.40 $775.00/hr | 1,860.00 |
| 1/12/2023 | MDR | Telephone conference with opposing counsel regarding settlement. | 0.20 $495.00/hr | 99.00 |
| | MDR | Draft and review emails to and from opposing counsel regarding settlement. | 0.40 $495.00/hr | 198.00 |
| | MDR | Review and analyze informal discovery for settlement demand. | 1.00 $495.00/hr | 495.00 |
| | MDR | Draft settlement demand letter. | 4.80 $495.00/hr | 2,376.00 |
| 1/16/2023 | MDR | Draft settlement demand letter. | 1.50 $495.00/hr | 742.50 |
| 1/17/2023 | MDR | Draft settlement demand letter. | 1.30 $495.00/hr | 643.50 |
| 1/18/2023 | MDR | Draft settlement demand letter. | 3.50 $495.00/hr | 1,732.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/19/2023 | MDR | Draft settlement demand letter. | 2.20 $495.00/hr | 1,089.00 |
| 1/20/2023 | MDR | Draft settlement demand letter. | 1.40 $495.00/hr | 693.00 |
| 1/24/2023 | MDR | Draft and review emails to and from co-counsel regarding settlement. | 0.30 $495.00/hr | 148.50 |
| | MDR | Draft settlement demand letter. | 4.50 $495.00/hr | 2,227.50 |
| | TAZ | Draft and review emails to and from mediator regarding settlement. | 0.10 $775.00/hr | 77.50 |
| 1/25/2023 | MDR | Draft settlement demand letter. | 0.80 $495.00/hr | 396.00 |
| 1/29/2023 | TAZ | Revise settlement demand letter | 0.80 $775.00/hr | 620.00 |
| 1/30/2023 | MDR | Draft and review emails to and from co-counsel regarding settlement. | 0.30 $495.00/hr | 148.50 |
| | MDR | Draft and review emails to and from settlement administrator regarding quote. | 0.50 $495.00/hr | 247.50 |
| | MDR | Analyze settlement structures in other related cases. | 1.50 $495.00/hr | 742.50 |
| | MDR | Draft settlement demand letter. | 2.90 $495.00/hr | 1,435.50 |
| | TAZ | Revise settlement demand letter. Circulate it to co-counsel. | 0.60 $775.00/hr | 465.00 |
| 1/31/2023 | MDR | Draft and review emails to and from settlement administrator regarding quote. | 0.20 $495.00/hr | 99.00 |
| 2/1/2023 | MDR | Draft and review emails to and from co-counsel regarding mediation. | 0.30 $495.00/hr | 148.50 |
| 2/3/2023 | MDR | Draft settlement demand letter. | 0.50 $495.00/hr | 247.50 |
| 2/6/2023 | TAZ | Revise settlement demand letter. Revise calculations spreadsheet for settlement demand. Circulate them to co-counsel. | 0.70 $775.00/hr | 542.50 |
| | MDR | Draft and review emails to and from co-counsel regarding mediation. | 0.30 $495.00/hr | 148.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/6/2023 | MDR | Draft settlement demand letter. | 0.80 $495.00/hr | 396.00 |
| 2/7/2023 | MDR | Draft settlement demand letter. | 0.40 $495.00/hr | 198.00 |
| | TAZ | Revise settlement demand letter. Draft email to defense counsel regarding settlement. | 0.20 $775.00/hr | 155.00 |
| | TAZ | Telephone conference with defense counsel regarding settlement | 0.30 $775.00/hr | 232.50 |
| 2/15/2023 | MDR | Draft mediation statement. | 4.50 $495.00/hr | 2,227.50 |
| | TAZ | Revise mediation statement for mediator. Circulate it to co-counsel. | 0.90 $775.00/hr | 697.50 |
| 2/16/2023 | TAZ | Revise and finalize mediation statement. Send it to mediator. | 0.30 $775.00/hr | 232.50 |
| 2/23/2023 | TAZ | Prepare for and attend mediation with Berry Mitchell | 3.20 $775.00/hr | 2,480.00 |
| 3/7/2023 | MDR | Telephone conference with potential class member regarding new issue. | 0.90 $495.00/hr | 445.50 |
| | MDR | Review and analyze documents from potential class member regarding new issue. | 1.10 $495.00/hr | 544.50 |
| 3/14/2023 | MDR | Draft mediation statement to mediator. | 0.50 $495.00/hr | 247.50 |
| 3/15/2023 | TAZ | Review and analyze documents from class member | 0.20 $775.00/hr | 155.00 |
| | MDR | Draft and review emails to and from co-counsel regarding mediation statement. | 0.20 $495.00/hr | 99.00 |
| 3/16/2023 | MDR | Review and revise mediation statement and send to mediator. | 0.70 $495.00/hr | 346.50 |
| 3/23/2023 | TAZ | Review and revise settlement term sheet | 0.30 $775.00/hr | 232.50 |
| | TAZ | Attend continued mediation | 3.50 $775.00/hr | 2,712.50 |
| 4/11/2023 | TAZ | Review settlement term sheet with revisions from defense counsel. Execute term sheet, and send it to them. | 0.20 $775.00/hr | 155.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/21/2023 | MDR | Draft and review emails to and from co-counsel regarding mediation statement to mediator. | 0.20 $495.00/hr | 99.00 |
| 5/17/2023 | TAZ | Conference with defense counsel regarding settlement | 0.20 $775.00/hr | 155.00 |
| 5/30/2023 | TAZ | Review and revise settlement agreement | 2.20 $775.00/hr | 1,705.00 |
| 5/31/2023 | TAZ | Review and revise preliminary approval order | 1.10 $775.00/hr | 852.50 |
| | TAZ | Review and revise motion for preliminary approval | 1.80 $775.00/hr | 1,395.00 |
| 6/1/2023 | TAZ | Review and revise settlement agreement, motion for preliminary approval, and preliminary approval order | 2.90 $775.00/hr | 2,247.50 |
| 6/8/2023 | TAZ | Review and revise settlement agreement, motion for preliminary approval, and preliminary approval order | 1.60 $775.00/hr | 1,240.00 |
| | TAZ | Draft joint status report. Circulate it to all counsel. | 0.20 $775.00/hr | 155.00 |
| 6/13/2023 | TAZ | Review and revise settlement agreement, motion for preliminary approval, and preliminary approval order | 1.80 $775.00/hr | 1,395.00 |
| 6/14/2023 | TAZ | Create settlement timeline | 0.90 $775.00/hr | 697.50 |
| | TAZ | Revise settlement agreement and class notice | 2.60 $775.00/hr | 2,015.00 |
| 6/15/2023 | TAZ | Revise settlement timeline. Circulate it to all counsel. | 0.80 $775.00/hr | 620.00 |
| | TAZ | Revise settlement agreement, class notice, motion for preliminary approval, and preliminary approval order. Send them to all counsel. | 4.40 $775.00/hr | 3,410.00 |
| 6/23/2023 | TAZ | Revise settlement timeline and settlement agreement. | 0.80 $775.00/hr | 620.00 |
| 6/29/2023 | JDB | Revise settlement timeline. | 0.10 $515.00/hr | 51.50 |
| | TAZ | Revise settlement agreement, class notice, motion for preliminary approval, and proposed order. | 0.90 $775.00/hr | 697.50 |
| 7/6/2023 | TAZ | Review and analyze declaration of Kevin Campbell | 0.20 $775.00/hr | 155.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/7/2023 | JDB | Revise settlement timeline | 0.10 $515.00/hr | 51.50 |
| | TAZ | Telephone conferences with defense counsel regarding settlement. | 0.20 $775.00/hr | 155.00 |
| | TAZ | Telephone conference with plaintiff regarding settlement. | 0.30 $775.00/hr | 232.50 |
| | TAZ | Revise and finalize settlement agreement, motion for preliminary approval, and exhibits for filing. Mark exhibits. | 0.90 $775.00/hr | 697.50 |
| 9/19/2023 | TAZ | Review and analyze final class notice. Send email to settlement administrator. | 0.40 $775.00/hr | 310.00 |
| 10/23/2023 | JDB | Draft motion for attorneys' fees and expenses and service awards, and accompanying materials. | 4.50 $515.00/hr | 2,317.50 |
| 10/25/2023 | TAZ | Draft motion for attorneys' fees and expenses and service awards, and Declaration of Thomas A. Zimmerman, Jr. | 2.20 $775.00/hr | 1,705.00 |
| 10/26/2023 | TAZ | Revise and finalize motion for attorneys' fees and expenses and service awards, and Declaration of Thomas A. Zimmerman, Jr. | 0.90 $775.00/hr | 697.50 |
| | | For professional services rendered | 235.80 | $142,246.50 |
| | | Balance due | | $142,246.50 |

# EXHIBIT C

# LAFFEY MATRIX

History

Case Law

**See the Matrix**

Contact us

Home

|  |  |  | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/23- 5/31/24 | 1.059295 | $239 | $437 | $538 | $777 | $878 | $1057 |
| 6/01/22- 5/31/23 | 1.085091 | $225 | $413 | $508 | $733 | $829 | $997 |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |

| | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* ï¿½Years Out of Law Schoolï¿½ is calculated from June 1 of each year, when most law students graduate. ï¿½1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). ï¿½4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier ï¿½1-3" from June 1, 1996 until May 31, 1999, would move into tier ï¿½4-7" on June 1, 1999, and tier ï¿½8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.