**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KATHRYN M. FORREST**, individually and on behalf of all others similarly situated, **LARRY ROCKWELL II**, individually and on behalf of all others similarly situated, and **THOMAS LAMOUREUX**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,**<br><br>Defendant. | ) | Case No. 1:20-cv-00323-WES-LDA |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Kathryn Forrest, Larry Rockwell II, and Thomas Lamoureux, ("Plaintiffs" or "Class Representatives") have submitted a Motion for Final Approval of the Class Action Settlement set forth in the Class Action Settlement Agreement dated July 7, 2023 (the "Agreement" or "Settlement Agreement"). Class Counsel has also submitted to the Court their Unopposed Motion For An Award of Attorneys' Fees and Expenses, and Service Awards.

On August 24, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement. This Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 14, 2023. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on

behalf of the Settlement Class, and supporting affidavits.

On December 14, 2023, this Court held a duly-noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered on the Settlement dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representatives for their representation of the Settlement Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

## I. Jurisdiction

The Court finds that it has personal jurisdiction over the Parties and all Settlement Class Members as well as subject matter jurisdiction to approve the Agreement, including all attached exhibits, and to enter this Order.

## II. Background

### a. Procedural History

Plaintiffs pursued and have settled the class action entitled *Kathryn Forrest, Larry Rockwell II, and Thomas Lamoureux, individually and on behalf of all others similarly situated v. PHH Mortgage Corporation d/b/a PHH Mortgage Services*, Case No. 1:20-cv-00323-WES-LDA (the "Action"), currently pending before the United States District Court for the District of Rhode Island (the "Court"). The operative complaint (the "Complaint") in this Action alleges, on behalf of Plaintiffs and all others similarly situated, that PHH violated the Fair Debt Collection Practices Act ("FDCPA") and its identical Rhode Island state analog, the Rhode Island Fair Debt Collection

Practices Act ("RIFDCPA") by assessing fees to borrowers that are either not permitted by law or are expressly prohibited by their mortgage agreements. Doc. 1. Specifically, Plaintiffs allege that PHH's assessment of convenience fees disclosed to Plaintiffs each time they sought to pay their mortgage using expedited online or telephonic payment methods violated the FDCPA and RIFDCPA. *Id*. Plaintiffs originally filed the Action on July 24, 2020. PHH responded to the Complaint with a Motion to Dismiss. Doc. 19.

While its Motion to Dismiss was pending, PHH moved to stay the action pending a ruling on a proposed nationwide class settlement in *Morris v. PHH Mortgage Corp.*, Case No. 0:20-cv-60633-RS (S.D. Fla.). Doc. 24. *Morris* was another class action in which PHH customers challenged PHH's practices related to assessing Convenience Fees. The putative class here substantially overlapped with the putative nationwide class at issue in the proposed class settlement in *Morris.* As PHH argued, the proposed settlement class in *Morris* would have resolved the claims of all or a substantial number of the potential putative class members in this Action. The Court granted PHH's motion to stay on August 6, 2021. Although the parties in *Morris* ultimately withdrew their proposed settlement that prompted the stay and presented an amended proposed settlement with narrower class definitions and less overlap with this putative class, the stay remained in place until the Parties moved for preliminary approval of their class action settlement on July 7, 2023. Doc. 62.

At a December 9, 2022 status conference with the Court, the Parties agreed to mediate this case. The Parties conducted their first mediation on February 23, 2023. Doc. 58. The Parties then conducted a second mediation on March 23, 2023. Doc. 59. During that mediation session, the Parties reached a tentative agreement in principle on the principal terms of a potential settlement, which after further refinement and approval by PHH's management, was reduced to an executed

term sheet.

Following mediation, the Parties filed a Joint Report Regarding Settlement on June 8, 2023, informing the Court that the Parties had reached an agreement in principle and were working on memorializing the terms of said agreement. Doc. 60. On July 7, 2023, the Parties fully executed the Settlement Agreement, which memorialized the terms and conditions of the proposed Settlement and contains all relevant exhibits thereto. A copy of the Settlement Agreement is attached as Exhibit 1 to the Motion for Preliminary Approval of Class Action Settlement. Doc. 62-1. Also on July 7, 2023, Plaintiffs filed their Motion and Incorporated Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. 62. This Court granted the Unopposed Motion for Preliminary Approval of the Settlement on August 24, 2023. Doc. 64.

**b. Settlement Terms**

***i. The Proposed Settlement Class***

The Agreement provides relief to a Settlement Class, defined to include the following:

> all borrowers on residential mortgage loans secured by mortgaged property located in the State of Rhode Island who from July 24, 2019 (the first day of the Class Period) to June 6, 2023 (the last day of the Class Period), paid a Convenience Fee to PHH for making a payment over the phone to a live operator, by IVR, or online that was not refunded or returned. Excluded from the Settlement Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019); (b) borrowers whose loans are included as class loans in the proposed FDCPA settlement class in *Morris, et al. v. PHH Mortgage Corp., et al.*, No. 0:20-cv-60633-RS (S.D. Fla.); (c) borrowers who are or were named plaintiffs in any currently pending civil action other than this Action which challenges Convenience Fees charged by PHH that was initiated against PHH on or before June 6, 2023; (d) PHH's board members and executive level officers; and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them.

There are 2,483 home loans secured by property in Rhode Island by Members of the Settlement Class. Declaration of Dorothy Sue Merryman ("Merryman Decl.") at ¶¶ 5-7.

***ii. Monetary Relief***

PHH has agreed to create a Settlement Fund for the Settlement Class in the amount of $59,920.50 (the "Settlement Fund"). There will be no reversion to PHH. The Settlement Fund represents approximately 25% of the total amount of Convenience Fees that Plaintiffs allege were improperly collected and retained by PHH at issue in the Complaint. No claim forms are required – each Settlement Class Member who does not opt out will automatically be sent a check. Thereafter, any residual funds will be disbursed to a *cy pres* recipient, Rhode Island Legal Services. The Settlement Fund does not include attorneys' fees, attorneys' expenses, service awards, or costs of administration, which are all being paid by PHH separately and apart from the Settlement Fund.

***iii. Release of Claims against PHH***

In exchange for the relief described above, Plaintiffs and the Settlement Class Members, upon entry by the Court of this Order and the occurrence of the Effective Date of the Settlement, will release PHH from any and all claims of any kind that relate to or arise from PHH's collection of Convenience Fees during the relevant time period.

***iv. Payment of Notice and Administration Costs***

Based on the Settlement Agreement, the Court approved the Parties' hiring of Class-Settlement.com to serve as Settlement Administrator. Doc. 64. As Settlement Administrator, Class-Settlement.com's responsibilities include providing notice of the Settlement to the proposed Settlement Class, including a mailed Class Notice, a Settlement Website, and a toll-free number for Settlement Class Members to call to receive information about the Settlement. The costs of distributing notice and, more generally, for Settlement Administration, are being paid by PHH

outside of, and in addition to, the Settlement Fund. Doc. 62.

***v. Class Counsel Fees and Expenses and Service Awards***

Any fee, expense award, or service award that the Court approves will be paid by PHH, separate from the Settlement Fund, but the Settlement is not conditioned upon the Court approving *any* fee and expense awards to Class Counsel.

In accordance with the Preliminary Approval Order, Plaintiffs have now sought attorneys' fees of $96,000.00, plus $552.65 in unreimbursed expenses. Doc. 65. Plaintiffs also seek Service Awards in the amount of $5,000 to each named Plaintiff ($15,000 in total). Doc. 65. Pursuant to the Settlement Agreement, these attorneys' fees and costs and service awards will be paid by PHH, separate from the Settlement Fund. There have been no objections regarding the requested attorneys' fees and costs or service awards. The Court will address Class Counsel's fee and cost request in Section III.D, *infra*.

**c. Notice to and Reaction of Settlement Class**

Following preliminary approval of the Settlement, and as ordered by the Court in its Preliminary Approval Order, the Parties caused the Settlement Administrator to distribute timely notice of the settlement to the Settlement Class Members. *See* Merryman Decl. at ¶ 7.

The Settlement Administrator sent the Court-approved Class Notice to all 2,483 unique records for Settlement Class Members. *Id*. After remailing the Notice to any non-delivered recipients, the mailings have reached over 98.7% of Settlement Class Members. *Id*. at ¶ 10. The Settlement Administrator received no requests for exclusion. *Id*. at ¶ 11. Furthermore, there have been no objections to the Settlement. *Id.*

## III. Final Approval of the Settlement

### a. Final Certification of the Settlement Class

The Court previously preliminarily and conditionally certified the Settlement Class in its Preliminary Approval Order. Doc.64. The Court finds that there have been no objections to class certification and no change in circumstances to alter the Court's previous conclusion that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for the Settlement Class. Accordingly, the Court will make final its certification of the Settlement Class, for the reasons stated in its Preliminary Approval Order and based on the totality of the record herein. The Court specifically finds that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have fairly and adequately represented and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of this Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

The Court appoints Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., Marc Dann of Dann Law, and John B. Ennis as Class Counsel for the Settlement Class. The Court also designates Plaintiffs Kathryn Forrest, Larry Rockwell II, and Thomas Lamoureux as the Class Representatives.

### b. The Best Practicable Notice Was Provided to the Settlement Class and Notice Was Reasonable and Adequate

Before granting final approval, a court must ensure that reasonable and adequate notice was provided to class members. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985). This is because the Due Process Clause and Rule 23 require a court to "direct notice…to all class members who would be bound by the" settlement. Fed. R. Civ. P. 23(e)(1)(B). Such notice must be "the best notice that is practicable under the circumstances," directed individually "to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

Here, both the form and content of the Class Notice, and the method of distributing notice to the Settlement Class, satisfied all applicable requirements of law.

#### *i. The form and content of the Class Notice satisfied all applicable requirements of law.*

Notice of a class action settlement is adequate if it provides sufficient information for class members to make a decision about whether to remain in the class in language that can readily be understood by the average class member. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974).

In this case, the Court approved the form and content of the Parties' proposed notice plan as "reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement." Doc. 64 at 22. There have been no objections to the form and content of the Class Notice and there is no reason for the Court to depart from this conclusion now. The notice was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Settlement, and to

appear at the Fairness Hearing. Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

***ii. The methods of giving notice to the Settlement Class satisfied all applicable requirements of law.***

The Court also previously approved the Parties' methods of delivering notice to the Settlement Class Members. Doc. 64 at 22. The Settlement Administrator has now verified compliance with the Court-approved notice program, and that it reached over 98.7% of the Settlement Class Members. Merryman Decl. at ¶ 10. No one has objected to the method of notice and there is no fact in evidence undermining the conclusion that the notice provided was the best notice practicable and effective in its reach.

In addition, the Settlement Class Members could access the Settlement Website by September 21, 2023. *Id*. at ¶ 9. The Settlement Website allowed Settlement Class Members to view and download copies of the Class Notice, the Settlement Agreement, Preliminary Approval Order, and the Operative Complaint. *Id*. The Settlement Website also included a summary of important deadlines, instructions for opting-out or objecting, and information on how to contact the Settlement Administrator. The Settlement Administrator also created a toll-free IVR (interactive voice response) system that enabled callers to listen to answers to various questions about the settlement. *Id*. at ¶ 8.

Because the Parties complied with the agreed-to notice provisions as preliminarily approved by the Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finally concludes that the notice provided in this case

satisfied all the requirements of Rule 23(c)(2)(B) and Due Process.

**c. The Settlement Is Fair, Adequate, and Reasonable**

Settlement of class actions must be approved by the Court. Fed. R. Civ. P. 23(e). Rule 23(e) provides five requirements that must be satisfied for a proposed class settlement to secure final approval:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under the subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Consideration of the applicable factors reveals that the Parties' proposed Settlement Agreement merits final approval. As to Rule 23(e), the Court-approved notice program directed the best notice practicable under the circumstances to all Settlement Class Members (*see supra*), and a final fairness hearing was held on December 14, 2023. The motion for final approval and the submissions made in support of it demonstrate that there are no agreements other than the Settlement Agreement itself. Settlement Class Members have had an appropriate time to opt-out or object; and currently there have been ***no*** objections filed against the Settlement or Plaintiffs' request for attorneys' fees, expenses, and service awards.

The Parties' Settlement was indeed the product of serious, informed, arm's-length, and non-collusive negotiations. Before settling this matter, the Parties mediated this action twice at arm's-length. They exchanged discovery and participated in informal negotiations and mediations conducted by an experienced mediator. By the time the mediation occurred, Class Counsel and counsel for PHH, who are both experienced in prosecuting and defending, respectively, complex class action claims such as these, had "a clear view of the strengths and weaknesses" of their case and were in a strong position to make an informed decision regarding the reasonableness of a potential settlement. *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986).

The Settlement has no obvious deficiencies and treats class members equitably. The intrinsic value of the net settlement payment to Settlement Class Members is readily apparent when one considers the risks inherent in continued and protracted litigation and the expense and delay that accompany the appeal process.

The Settlement is particularly valuable to absent Settlement Class Members who, but for the Settlement, likely would be unaware of the existence of their legal claims. Even if they were aware, given the relatively small amounts of money involved, absent class members and attorneys who may represent them could have little incentive to prosecute individual actions, notwithstanding the potential availability of attorneys' fees were they to eventually prevail. The alternative to bringing this case as a class action is bringing thousands of individual claims against PHH. In resolving the potential claims of thousands of individuals in one fell swoop, this Settlement is much more efficient than potentially litigating thousands of individual claims.

"Public policy generally favors settlement—particularly in [large] class actions." *In re Tyco Intern., Ltd. Multidistrict Litig.*, 535 F. Supp.2d 249, 259 (D.N.H. 2007). While the Parties

could have litigated the case to judgment (and, potentially, an appeal) and taxed the resources of the litigants and the Court, they chose instead rationally and reasonably to forgo the expense and uncertainty of continued litigation and focus their efforts on achieving a fair and adequate settlement that took the risks of further litigation into account. The reasonableness of that decision is supported by the fact that there is a substantial split of authority among federal courts regarding the viability of claims like these. *Compare Bardak v. Ocwen Loan Servicing, LLC*, No. 8:19-cv-1111, DE 72 (M.D. Fla. August 12, 2020) (dismissing convenience fee claims with prejudice); *Kelly v. Ocwen Loan Servicing, LLC*, No. 3:20-cv-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020); *Lang v. Ocwen Loan Servicing, LLC*, No. 3:20-CV-81-J-20MCR, DE 21 (M.D. Fla. July 17, 2020); *Turner v. PHH Mortg. Corp.*, No. 8:20-CV-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 1904596 (N.D. Cal. April 17, 2020) (dismissing nationwide FDCPA claim); *Mariscal v. Flagstar Bank FSB*, 2020 WL 4804983 (C.D. Cal. August 4, 2020) (dismissing claims asserting violations of California's Rosenthal Fair Debt Collection Practices Act and Unfair Competition Law); *Elbert v. Roundpoint Mortg. Servicing Corp.*, 2020 WL 4818605 (N.D. Cal. August 20, 2020) (dismissing California Rosenthal Act and UCL, as well as striking the class allegations) *with Fox v. Ocwen Loan Servicing, LLC*, No. 9:20-cv-80060-MIDDLEBROOKS (S.D. Fla. Mar. 2, 2020) (denying motion to dismiss while finding that convenience fees could be "incidental to" a borrower's underlying debt); *Alexander v. Carrington Mortg. Servs. LLC*, 23 F.4d 370, 379 (4th Cir. 2022) (finding that convenience fees violated Maryland's analogous state debt collection practices act because the fees were not authorized by the mortgage loan documents or permitted by law).

Finally, a district court "must presume" a settlement is reasonable where "the parties negotiated at arm's length and conducted sufficient discovery." *Robinson v. National Student*

*Clearinghouse*, 14 F. 4th 56, 59 (1st Cir. 2021), citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). The assistance of well-respected mediator Berry B. Mitchell, Ph.D., who has significant experience resolving complex suits in this District, is strong evidence that the negotiations were conducted at arm's-length and did not involve collusion. *See, e.g. Lobatz v. U.S. In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 619-20 (E.D. La. 2006); *Poertner v. The Gillette Co.*, 618 Fed. App'x 624, 630 (11th Cir. 2015) (settlement achieved only after engaging in extensive arm's length negotiations moderated by an experienced mediator belies any suggestion of collusion). In light of the foregoing factors, this Court finds that the Settlement is fair, adequate, and reasonable.

**d. The Requested Attorneys' Fees and Costs and Service Awards are Reasonable**

Based upon the facts and circumstances of this action, the Court awards $96,000 in attorneys' fees plus $552.65 in unreimbursed expenses and $5,000 in Service Awards to each Class Representative ($15,000 total), which is reasonable under the circumstances of this case. These figures are particularly reasonable because they are not being paid from the Settlement Fund, but rather by PHH separate from the Fund. As set forth in Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses, and Service Awards (Doc. 65), Class Counsel's request for attorneys' fees, litigation costs, and service awards is directly in line with similar awards approved in the First Circuit and elsewhere. Doc. 65 at 4-5. A lodestar cross-check confirms the reasonableness of Class Counsel's fee request. *Id*. Unlike in typical class settlements, attorneys' fees and expenses will be paid directly by PHH, separate from the Settlement Fund. *Id*. at 10. This structure constitutes an additional benefit to the Settlement Class Members. Lastly, pursuant to the Settlement Agreement, Class Counsel will not receive any payment until after the Final Settlement Date. Doc. 62-1, at ¶ 10.5. Thus, the amounts requested and the timing of payment weigh in favor

of final approval.

## IV. Conclusion

In accordance with the foregoing analysis, the Court **ORDERS and ADJUDGES** as follows:

1. **Definitions.** This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action solely for the purposes of settlement, with the Settlement Class defined as:

> all borrowers on residential mortgage loans secured by mortgaged property located in the State of Rhode Island who from July 24, 2019 (the first day of the Class Period) to June 6, 2023 (the last day of the Class Period), paid a Convenience Fee to PHH for making a payment over the phone to a live operator, by IVR, or online that was not refunded or returned. Excluded from the Settlement Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019); (b) borrowers whose loans are included as class loans in the proposed FDCPA settlement class in *Morris, et al. v. PHH Mortgage Corp., et al.*, No. 0:20-cv-60633-RS (S.D. Fla.); (c) borrowers who are or were named plaintiffs in any currently pending civil action other than this Action which challenges Convenience Fees charged by PHH that was initiated against PHH on or before June 6, 2023; (d) PHH's board members and executive level officers; and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them.

5. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class; (e) the Settlement Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. **Designation of Class Representatives and Class Counsel.** The Court confirms, solely for the purposes of settlement, the prior appointments of the Plaintiffs Kathryn M. Forrest, Larry Rockwell II, and Thomas Lamoureux as Class Representatives, and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., Marc Dann of Dann Law, and John B. Ennis as Class Counsel. The Court further finds that Plaintiffs and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

7. **Settlement Approval.** Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

8. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are

hereby dismissed in their entirety with prejudice and without fees and costs, other than as set forth in the Agreement, and the case shall be closed pursuant to Paragraphs 20-21 of this Order. This Final Judgment shall have res judicata and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settlement Class Members.

9. **Releases.** The releases as set forth in Section 3 of the Agreement together with the definitions in Section 1.1.27 and 1.1.28 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 3 of the Agreement, including but not limited to the definitions of Released Claims and Released Persons. As of the Final Settlement Date, the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons.

10. **Permanent Injunction.** The Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on or relating to any of the Released Claims.

11. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Granting Motion for Preliminary Approval of Class Action Settlement constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $96,000, and costs and expenses of $552.65. The Court has considered this application separately from this Judgment. The Court finds that an award of $96,000 in attorneys' fees, and $552.65 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid by PHH separately from the Settlement Fund in accordance with the Settlement Agreement.

13. The Court further finds that Service Awards for the Class Representatives in the amount of $5,000 each are fair and reasonable, and the Court approves of the Service Awards in this amount. The Court directs PHH to disburse these amounts to Kathryn Forrest, Larry Rockwell II, and Thomas Lamoureux, separate from the Settlement Fund, as provided in the Settlement Agreement.

14. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of the Released Persons. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall any non-public negotiations, statements, or proceedings relating to this

Settlement in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

15. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, validity, enforcement, and interpretation of the Agreement, this Final Approval Order, and any order granting any fee and expense award and Service Awards, and for any other necessary purpose.

16. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except paragraph 14 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

18. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. **CAFA Notice.** The Settlement Administrator has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

21. **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.

Dated: January 3, 2024

Hon. William E. Smith
United States District Judge